J. I. LANGSTON AND M. O. STRICKLAND, PARTNERS, AS
LANGSTON & STRICKLAND, *Plaintiffs in Error*, v. NA-
TIONAL CHINA COMPANY, A CORPORATION, *Defendant
in Error.*

In an action of assumpsit it is not error to exclude a merely pre-
liminary question as to whether or not the plaintiff prior to the
execution of the contract offered to defendants any verbal in-
ducement to enter into the contract, where fraud is not plead-
ed and where there is no indication as to the purpose of the
preliminary question excluded.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Wakulla
County.

The facts in the case are stated in the opinion of the
court.

*J. A. Edmondson,* for Plaintiffs in Error;

*Francis B. Winthrop,* for Defendant in Error.

WHITFIELD, C. J.—The defendant in error brought
an action in the Circuit Court for Wakulla County against
the plaintiffs in error upon the common counts for money
payable and for account stated. The copy of the cause
of action attached to the declaration as required by the
statute is a bill for baking powder sold by the plaintiff
to the defendants. Two of the pleas aver fraud on the
part of the plaintiff in the sale of the baking powder, but
do not state the ultimate facts upon which the fraud is
predicated.

There was a plea of the general issue. The plaintiff
recovered judgment and the defendants took writ of er-

ror.   The sufficiency of the pleas averring fraud does not appear to have been tested.   At the trial the plaintiff proved a written order for the goods by the defendants and the shipment of the goods to defendants.   The following question was thereafter propounded to the defendant J. I. Langston: "Please state whether or not the plaintiff, prior to the execution by defendants of the contract to purchase from the plaintiff five hundred cases of Cascade Baking Powder, offered to defendants any verbal inducement to enter into such contract?"   The ruling of the court excluding this question is the only assignment of error argued here.

Where fraud is relied upon as a defence to an action upon a simple contract Rule 66 of the Circuit Court Rules requires that it "shall be specially pleaded."   In pleading fraud the ultimate facts constituting the particular fraud should be stated with certainty and directness.   See Mutual Loan and Building Association v. Price, 19 Fla. 127; 9 Ency. Pl. & Pr. 686.

The sufficiency of a pleading alleging fraud is determined by the court upon demurrer.   If the defect is matter of form a motion to strike or for compulsory amendment is the proper remedy.

The question excluded by the court was merely preliminary and does not necessarily indicate a purpose to disclose fraud.   No abuse of discretion is shown in its exclusion.   In view of the mere abstract averments of fraud in the pleas and the absence of any indication as to its purpose this preliminary question does not appear to have been erroneously rejected, especially as it sought to contradict or vary the written order for the goods, when no sufficient predicate of fraud had been presented.

The judgment is affirmed.

All concur, except PARKHILL, J., absent on account of illness.