W. E. HEATHCOTE, *Plaintiff in Error*, v. FAIRBANKS, MORSE & COMPANY, A CORPORATION, *Defendant in Error*.

1. A ground of demurrer to a plea that the same "fails to state any sufficient defense to the plaintiff's cause of action" in effect merely repeats the demurrer and avers that such plea is bad in substance, and is not a compliance with the statute requiring the substantial matters of law intended to be argued to be stated.

2. A ground of demurrer to a plea that the same "fails to state any sufficient defense to the plaintiff's cause of action" will not avail, unless upon a bare inspection of the plea, it should be found so faulty and defective as to constitute no defense to the action.

3. A ground of demurrer to a plea "and for other good and sufficient reasons apparent upon the face of the record in said cause" presents nothing for consideration either by the trial or appellate court.

4. The sufficiency of a pleading is properly tested by a demurrer.

5. Wherever fraud is relied upon in any pleading, either at law or in equity, the allegations or averments should be specific and the facts constituting such fraud should be stated, else such pleading will be held bad for insufficiency upon demurrer.

6. In passing upon an assignment based upon a ruling sustaining a demurrer to a plea, an appellate court will restrict its investigation to the grounds stated in the demurrer, unless the plea is so faulty as to constitute no defense to the action.

7—Vol. 60.

7.   In an action at law brought to recover the balance of the purchase price for a certain gasoline engine and materials, a plea which avers in substance that the plaintiff, through its agent made certain specified representations concerning the machinery in question, by reason whereof the defendant was induced to purchase the same, that such representations turned out to be untrue, so that the machinery could not be used for the purpose for which it was purchased, wherefore the consideration had wholly failed, constitutes a good defense to the action as against a ground of demurrer that such "plea does not show any failure of consideration on the alleged contract sued on," and a demurrer on such ground is improperly sustained thereto.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Wall & McKay* for plaintiff in error.

*F. M. Simonton* for defendant in error.

SHACKLEFORD, J.—The defendant in error brought an action at law against the plaintiff in error, wherein it was sought to recover damages in the sum of $1,700.00. The declaration consists of only the common counts, but it appears that the alleged indebtedness of the defendant to the plaintiff was the balance of the purchase price for a certain gasoline engine and certain materials. The defendant filed five pleas, which were as follows:

"And now comes W. E. Heathcote, the defendant herein, by Wall & McKay, his attorneys, and for plea to the said declaration and to each and every count thereof, says,

First. That he never did promise as alleged by the said plaintiff in and by its said declaration.

Second. That he never was indebted in manner and form as alleged by the said plaintiff in its said declaration.

Third. That the said several supposed causes of action in the said declaration mentioned are one and the same, to-wit: For the purchase price of a fifteen horse power horizontal gasoline engine and certain materials mentioned, set forth and described in a certain paper writing dated December 10, 1907, and signed by the defendant and by D. B. Sharp as salesman of the plaintiff; and the defendant avers that the signature of the defendant to the said paper writing was obtained by the plaintiff by fraud and circumvention of its agent, the said D. B. Sharp.

Fourth. That the said several supposed causes of action in the said declaration mentioned are one and the same, to-wit: for the purchase price of a fifteen horse power gasoline engine with pump, materials and appliances to be used in connection therewith; and defendant avers that at the time of the sale of the said engine, pump and materials to the defendant by the plaintiff through its agent, the said plaintiff, by its agent, did then and there represent to this defendant that he would have no difficulty from quicksand or other causes, in sinking the pump below the surface of the ground twenty to twenty-five feet, so as to be able to procure a water supply upon his orange grove which could be used in connection with said engine, and the said plaintiff, through its agent, did warrant and guarantee such representation, and thereupon the defendant, upon the sole consideration of such representation, warrant and guarantee, did contract for the purchase of said engine, pump and materials; but the plaintiff avers that in sinking the shaft for said well he encountered quicksand, so that the said pump could not

be sunk as represented, warranted and guaranteed by the plaintiff through its agent, so that the said engine could be used, and that the said engine, pump and materials were totally unfit for the purpose for which the defendant desired the same, as was well known to the plaintiff, and the said defendant therefore avers that the consideration upon which the said engine, pump and materials were purchased has wholly failed.

Fifth. That the said several supposed causes of action in the said declaration are one and the same, to-wit: For the purchase price of a fifteen horse power horizontal gasoline engine, with pump, materials and appurtenances to be used in connection therewith; and defendant avers that after the shipment of said engine from Chicago in the State of Illinois, and before the arrival of the same at the city of St. Petersburg in the State of Florida, where defendant resides and near which place his orange grove is located upon which said engine, pump, etc. were to be used, he ascertained that on account of quicksand in boring the shaft into which said pump was to be placed, that said engine would be wholly useless to him, and thereupon he immediately saw the agent of the said plaintiff who made the sale of said engine to him, and the said agent, on behalf of the plaintiff, then and there agreed to re-sell the said engine, pump and materials and appliances, and said agreement was based upon the consideration of representations, warranties and guaranties made by the plaintiff through its said agent to the said defendant that he would not encounter quicksand in sinking the shaft above mentioned; and the plaintiff further avers that he has been holding said engine subject to the order of the said plaintiff ever since he received the same."

The plaintiff joined issue upon the first two pleas and interposed the following demurrer to the other pleas:

"Now comes the plaintiff in the above entitled cause by its attorney F. M. Simonton, and says that the third, fourth and fifth pleas filed by the defendant therein are insufficient in law, and for substantial matters of law to be argued before the court, the plaintiff assigns the following:

1st,—That the said third plea fails to state any sufficient defense to the plaintiffs cause of action.

2nd,—That the said third plea does not set forth any facts to show that the signature of the defendant to the alleged contract was obtained by fraud and circumvention.

3rd,—That the said fourth plea fails to state any sufficient defense to the plaintiffs cause of action.

4th,—That the said fourth plea does not show any failure of consideration on the alleged contract sued on.

5th,—That the said fifth plea does not state any sufficient defense to the plaintiffs cause of action.

6th,—That it does not appear that the agent of the plaintiff had authority to enter into the contract referred to.

7th,—That it does not appear that there was any consideration for the alleged promise of the agent to re-sell the said engine.

8th,—And for other good and sufficient reasons apparent upon the face of the record in said cause."

The court sustained this demurrer and the defendant not desiring to plead over and withdrawing the first and second pleas, final judgment was rendered against him on the demurrer. This judgment is brought here for review and five errors are assigned, all of which are based upon the ruling sustaining the demurrer to the third, fourth and fifth pleas, so the sole point presented for determination is the correctness of this ruling.

It is contended by the defendant that the demurrer to the third plea fails to comply with the statutory requirement that the substantial matter of law intended to be argued shall be stated in the demurrer. No authorities are cited to support this contention and the argument made thereon is slight. We had occasion to discuss this statutory requirement in Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla., 514, 46 South. Rep., 732, S. C. 20 L. R. A. (N. S.), 92, and Hartford Fire Insurance Co. v. Hollis, 58 Fla., 268, 50 South. Rep., 985. It may well be that the first ground of the demurrer does not sufficiently comply with the statutory requirements. Even so, the like objection is not applicable to the second ground, as an examination of the principles enunciated in the cited authorities clearly shows. It is further contended by the defendant that, even if the plea in question is defective, the defects are not of such nature as to render the plea open to attack by demurrer and that the only way in which they could be reached would be by a motion for compulsory amendment. The case of Hartford Fire Insurance Co. v. Hollis, *supra*, is cited in support of this contention. We fully approve of the principles laid down in the cited case, but fail to see wherein they can avail the defendant. See the full discussion of the respective functions performed by a motion for the compulsory reformation of a pleading, a motion to strike it out and a demurrer thereto in Southern Home Insurance Co. v. Putnal, 57 Fla., 199, 49 South. Rep., 922, wherein will be found collected prior decisions of this court. As we held therein, in line with such prior decisions, a demurrer goes to the pleading as an entirety for insufficiency, and the proper way to test the sufficiency of a pleading is by demurrer. Wherever fraud is relied upon in any pleading, either at law or in equity, the allegations or averments

must be specific and the facts constituting such fraud must be stated, else the pleading will be held bad for insufficiency upon demurrer. See McClinton v. Chapin, 54 Fla., 510, 45 South. Rep., 35, S. C. 14 Amer. & Eng. Ann. Cas. 365. Langston v. National China Co., 57 Fla., 92, 49 South. Rep., 155, is directly in point, as is also Mutual Loan & Building Association v. Price, 19 Fla., 127. The first assignment has not been sustained.

It may also be true that the third ground of the demurrer, which is addressed to the fourth plea, and the fifth ground, addressed to the fifth plea fail to comply with the requirements of the statute in that such grounds of the demurrer simply repeat in effect that the pleas in question are insufficient as a defense to the action and are, therefore, bad. In considering the assignments based upon the sustaining of the demurrer to the pleas, as we have frequently held, our investigation will be restricted to the grounds stated in the demurrer, unless such pleas are so faulty as to constitute no defense. Hartford Fire Insurance Co. v. Hollis, *supra*, and prior decisions of this court therein cited. Under this principle, the only ground of demurrer to the fourth plea presented for consideration is that such "fourth plea does not show any failure of consideration on the alleged contract sued on." The eighth ground of the demurrer, apparently addressed to the last three pleas, "And for other good and sufficient reasons apparent upon the face of the record in said cause," presents nothing to us for consideration. Douberly v. State, 51 Fla., 41, 40 South. Rep., 675, and Williams v. State, 58 Fla., 138, 50 South. Rep., 749. It may be true that the fourth plea is open to attack by demurrer upon other grounds, but whether so or not does not concern us. Confining ourselves to the only ground which is before us for consideration, we are of the opinion that the plea is not

defective in that respect. It avers in substance that the plaintiff through its agent made certain specified representations concerning the machinery in question, by reason whereof the defendant was induced to purchase the same, that such representations turned out to be untrue, so that the machinery could not be used for the purpose for which it was purchased, wherefore the consideration had wholly failed. This would seem to constitute a good defense to the action and not to be open to the attack made upon it by the demurrer. We do not feel called upon to enter upon the discussion of the question as to the authority of the agent to make such representations so as to bind his principal, the plaintiff, as we do not consider that such matters are before us for investigation and determination. If the plaintiff desired to raise them, it could do so by a proper replication. It follows from what we have said that the demurrer was improperly sustained to the fourth · plea and that the judgment was erroneously entered, therefore, such judgment must be reversed and the case remanded, with directions to overrule the demurrer to the fourth plea. We do not think it necessary to discuss the assignment based upon the sustaining of the demurrer to the fifth plea, so content ourselves with declaring that no error is made to appear here.

Judgment reversed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.