HILLSBOROUGH GROCERY COMPANY, A CORPORATION, *Plaintiff in Error*, v. WILLIAM W. LEMAN AND CHARLES H. WRIGHT, CO-PARTNERS, DOING BUSINESS UNDER THE FIRM NAME OF LEMAN & WRIGHT GROCERY COMPANY, *Defendants in Error.*

1. All the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration, but this principle has no applicability to and is not decisive of points presented upon a second writ of error that were not presented upon the former writ of error and consequently were not before the appellate court for adjudication.

2. Every pleading is to be most strictly construed against the pleader thereof. It is the first essential of good pleading that it be characterized by certainty, and this quality is especially requisite in replications and rejoinders.

3. Wherever fraud is relied upon in any pleading, either at law or in equity, the allegations or averments should be specific and the facts constituting such fraud should be stated, else such pleading, upon proper attack, will be held bad.

4. A rejoinder which admits the correctness of the statement in the replication but seeks to avoid the same by setting up the fraud of the plaintiffs in their representations to the defendant which induced the compromise and settlement of the debt set up in the replication, being in the nature of a confession and avoidance, should set forth specifically and with certainty the facts and circumstances constituting such fraudulent representations, in default of which a demurrer is properly sustained to such rejoinder.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*D. C. McMullen,* for Plaintiff in Error,

*E. R. Gunby,* for Defendants in Error.

SHACKLEFORD, J.—For the second time we are called on by writ of error to review the judgment rendered in this case. See Hillsborough Grocery Co. v. Leman & Wright, 51 Fla. 203, 40 South. Rep. 680. As was set forth there, an action of assumpsit upon the common counts was brought by the defendants in error against the plaintiff in error. The defendant in the court below filed three pleas, (1) that it never was indebted as alleged; (2) that it did not promise as alleged and a third plea, which was as follows:

"That the plaintiffs at the commencement of this suit were and still are indebted to the defendant upon a promissory note, a copy of which is hereto attached, for the sum of Four Hundred Dollars ($400.00) principal and interest at the rate of eight per cent per annum from the 1st day of June, A. D. 1904; and

For money payable by the plaintiffs to the defendant for goods, wares and merchandise sold and delivered to the plaintiffs by defendant at the request of plaintiffs for the sum of four hundred dollars ($400.00); and,

For money found to be due from the plaintiffs to the defendant on account stated between them in the sum of four hundred dollars ($400.00), which amounts this

defendant is willing to set off against the plaintiffs' claim."

The plaintiffs joined issue upon the first two pleas and filed the following replication to the third plea:

"That before the institution of this suit, and before the sale of the goods to the defendant, for the payment of which this suit was instituted, the plaintiffs were insolvent, and that the defendant well knew of said insolvency.

That the plaintiffs through their agent and attorneys, offered to the defendant, in order to prevent proceedings in bankruptcy, and in order to avoid the expenses thereof, the sum of thirty (30) cents on the dollar in full payment and settlement of the claim of the Hillsborough Grocery Company, which said sum of thirty (30) cents on the dollar the defendant received and accepted in full payment of said debt, well knowing that the plaintiffs were at that time insolvent, and unable to pay their debts in full, and thereby the said plaintiffs paid to the defendant all claims of every kind and character that the said deefndant had or held against the said plaintiffs, including the said promissory note mentioned in defendant's third plea, and that the suit brought by the said plaintiffs against the Hillsborough Grocery Company, the defendant, is for goods, wares and merchandise sold to the said defendant after it had been paid in full as aforesaid."

To this replication the defendant filed the following rejoinder:

"That although defendant admits it accepted the offer of plaintiff to pay the defendant the sum of thirty cents on the dollar in settlement of its claim against plaintiff and received the money thereon, amounting to one hundred twenty-dollars ($120.00), this defendant

alleges that said settlement was procured by the repre
sentations made on behalf of plaintiff that they were set-
tling with their various creditors on the basis of thirty
cents on the dollar, and defendant was led to believe that
no creditor of plaintiff was receiving a preference, where-
as without the knowledge or consent of the defendant,
the Exchange National Bank, one of plaintiff's creditors,
was paid the sum of fifty. cents on the dollar in settle-
ment of said bank's claims against the plaintiff, which
settlement with said bank was contrary to the representa-
tions made to the defendant, upon which defendant
agreed to accept the said thirty cents on the dollar in
settlement of its claim against the plaintiff, which ren-
dered the settlement between the plaintiff and defendant
null and void."

To this rejoinder the plaintiff interposed the following
demurrer: "now comes the plaintiffs by E. R. Gunby, their
attorney, and demur to the rejoinder of the defendant
filed on the 6th day of February, 1911, and say, that the
same is insufficient in law and bad in substance, for the
following reasons:

1st.   That if the facts stated in the amended replica-
tion are true, then no representations made by the plain-
tiffs, that the plaintiff was settling with various creditors
on the basis of thirty (30) cents on the dollar were suf-
ficient to avoid a complete satisfaction of the debt due
the defendant, and that even if it was true that the Ex-
change National Bank was paid the sum of fifty (50)
cents on the dollar, it would not be a good defence to this
action, and would not render the settlement between the
plaintiffs and the defendant void."

This demurrer was sustained, and the correctness of
this ruling is the only point presented to us for determina-
tion.   Other pleadings were filed and subsequent proceed-

ings had, but it is unnecessary to set them out or to refer to them further than to say that a trial was had, which resulted in a verdict and judgment in favor of the plaintiffs.

As we have frequently held, all the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration. McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910 and Purvis v. Frink, 61 Fla. 712, 54 South Rep. 862. This principle will prove of·but little assistance to us, since the point now presented to us for determination was not before us for consideration upon the former writ of error, as a reading of the opinion rendered therein will show. We have also frequently held that every pleading is to be most strictly construed against the pleader thereof. It is the first essential of good pleading that it be characterized with certainty, and this quality is especially requisite in a replication. Southern Home Insurance Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922. We would add that certainty is equally requisite in a rejoinder. We would refer to our discussion of the requisites of pleadings generally in.Seaboard Air Line Ry. v. Rentz & Little, 60 Fla. 429, 54 South. Rep. 13. We have also had occasion several times to discuss the function performed by a demurrer and also the statutory requirements in the framing thereof. See concurring opinion in Atlantic Coast Line R. R. Co. v. Benedict Pineapple Co., 52 Fla. 165, text 185, 186, 42 South. Rep. 529, text 536; Benedict Pineapple Co. v. Atlantic Coast Line R. R. Co., 55 Fla. 514, 46 South. Rep. 732, 20 L. R. A. (N. S.) 92; Hartford Fire Insurance Co. v. Hollis, 58 Fla. 268, 50 South. Rep. 985; Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 South. Rep. 950. We also held in the last cited case that wherever fraud is relied upon in any

pleading, either at law or in equity, the allegations or averments should be specific and the facts constituting such fraud should be stated, else such pleading, upon proper attack, will be held bad. We believe that the application of the principles enunciated in the foregoing cases concerning the points to which we have cited them will materially aid us in answering the question propounded to us upon this writ of error.

It will be observed that the rejoinder, to which the demurrer was interposed, admits the correctness of the statement in the replication as to the acceptance by the defendant from the plaintiffs of the sum of thirty cents on the dollar in full payment and settlement of the indebtedness of the plaintiffs to the defendant, but seeks to avoid the same by setting up the fraud of the plaintiffs in their representations to the defendant which induced the compromise and settlement. Unfortunately, however, for the defendant, it seems to us that the averments in the rejoinder as to such fraudulent representations, such rejoinder being in the nature of a confession and an avoidance, are not as specific as good pleading requires and the facts and circumstances constituting the same are not sufficiently set forth. The insolvency of the debtor is not questioned, and it does not appear that there was a complete composition with all of the plaintiffs' creditors, or that the creditor who received the alleged preference was one of the creditors who entered into the composition or that the alleged preference was at a time and under circumstances that made it a fraud upon the defendant. We do not think that the grounds set forth in the demurrer comply with the statutory requirements as fully as we have held should be done, but, whether so or not, we are of the opinion that, as the rejoinder is plainly defective for the reasons which we have pointed out, the

court was warranted in sustaining the demurrer thereto. Having reached this conclusion, it becomes unnecessary for us to, consider the other points argued before us though they are of interest and importance.

Judgment affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.