FLORIDA LIFE INSURANCE COMPANY, A CORPORATION, *Plaintiff in Error*, v. JOHN M. DILLON, *Defendant in Error*.

1. Wherever fraud is relied upon in any pleading, either at law or in equity, the allegations or averments should be specific and the ultimate facts constituting the particular fraud relied upon should be stated with certainty and distinctness, else such pleading, upon proper attack, will be held bad.

2. The sufficiency of pleas setting up fraud as a defense is properly raised by demurrer.

3. In an action upon a life insurance policy, which contains a clause that, with the exception of the suicide of the insured within one year from the date of such policy, "the policy will be incontestible from any cause from the date of its issue, provided the premiums have been duly paid," a demurrer is properly sustained to pleas which attempt to set up fraud on the part of the insured in his answers to certain questions in his application for such policy, but which pleas fail to show any actual fraud practiced by the insured.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Fletcher & Dodge,* and *Lewis & Buford,* for Plaintiff in Error;

*C. L. Wilson,* for Defendant in Error.

SHACKLEFORD, J.—The defendant in error, as plaintiff below, brought an action against the plaintiff in error, as defendant, upon two insurance policies issued by the defendant upon the life of Perry Mitcham Wingate. One of the policies is dated the 20th day of October, 1909, is for the sum of $2,000.00, and made payable to John M. Dillon, a creditor of the insured, and forms the basis for the first count in the declaration. The other policy is dated the 21st day of October, 1909, is for the sum of $1,500.00, made payable to Luella D. Wingate, the wife of the insured, was regularly transferred and assigned to the plaintiff and forms the basis for the second count of the declaration. Each of such policies is attached to and made a part of the declaration. There is no occasion to copy the declaration or policies. Each policy contains the following clauses:

"This policy is issued in consideration of the statements and agreements in the application and medical examination, which are hereby made a part of this contract, and the payment in advance of" the premiums for the first year, the amount of which is recited.

"The privileges, conditions and provisions set forth on the following pages form a part of the contract as fully as if recited over the signatures hereto attached."

"Suicide, whether the insured be sane or insane, is a risk not assumed by the company during the first year

of this policy. With this exception the policy will be incontestible from any cause from the date of its issue provided the premiums required have been duly paid."

The declaration alleges the death of the insured on the 11th day of April, 1910, and that due notice and satisfactory proofs of his death were made to and received and accepted by the defendant company, yet it had failed and refused to pay the amounts of such policies, or any part thereof.

The defendant filed nine pleas to the declaration, to all of which a demurrer was successfully interposed, whereon the defendant filed ten "amended and additional pleas" and attached thereto as an exhibit the application of the insured to the company for insurance and the medical examiner's report, in which are set out the answers to the various questions propounded in each paper. A demurrer was likewise successfully interposed by the plaintiff to all of these amended and additional pleas. The defendant declined to plead further, whereupon final judgment was rendered in favor of the plaintiff, which judgment is brought here by the defendant for review. Twenty-one errors are assigned, all of which, except the last two, question the correctness of the rulings of the trial judgment in sustaining the demurrers to the respective pleas. The twentieth assignment is not argued and therefore must be held, under our repeated decisions, to be abandoned. The twenty-first assignment is based upon the rendering of the final judgment.

The plaintiff in error rightly says that "There is little necessity to argue each assignment of error separately because the same question is involved in each assignment." In its brief is the further statement that "The first set of pleas filed did not allege any knowledge on the part of the insured as to the falsity of his statements, while the

last set of pleas did allege knowledge on the part of the insured as to his false statements." Admittedly, then, the second set of pleas are fuller and better than the first set. This being true, if we should find that the demurrer was properly sustained to such second set of pleas, there would be no occasion to consider the correctness of the ruling sustaining the demurrer to the first set of pleas. It will doubtless also prove sufficient to select the strongest of the second set of pleas for examination. This course we shall pursue. We copy the eighth, ninth and tenth of such pleas, which are as follows:

"8. And for a further plea the defendant says, that the policy of insurance sued upon, provided that the same was issued in consideration of the statements and agreements in the application and medical examination of Perry Mitcham Wingate, the insured, and that the same were made a part of the policy of insurance sued upon, that said policy also provided that the same and the application therefor and the statements made to the medical examiner taken together constituted the entire contract on the part of this defendant and the defendant says, that the said Perry Mitcham Wingate in his application for said policy of insurance did agree that every statement and answer contained in said application and every statement to the company's medical examiner at the time of the application for said policy of insurance was true and the said Perry Mitcham Wingate in his answers to the medical examiner under his application for said policy of insurance did warrant in writing, that the answers to the questions stated in said medical examination and said application for said policy of insurance were complete and true; and the defendant says that the said answers of said Perry Mitcham Wingate to the company's medical examiner and the answers in said application

were not complete and true in this, that the said Perry
Mitcham Wingate in answer to the question 'have you
ever had any other illness, local disease or personal in-
jury?' he answered 'No' and this defendant says that
the said answer was untrue, that the said Perry Mitcham
Wingate during the past few years, up to the time of the
application for this policy of insurance, had been fre-
quently treated by different doctors for various diseases
and ailments and said Perry Mitcham Wingate was fre-
quently confined to his house for months at a time pre-
vious to his application for insurance under said policy
and previous to the time of his answer to said question,
asked by the medical examiner of this defendant, and said
Perry Mitcham Wingate about six or eight months pre-
vious to the time he obtained the said policy of insurance
and made said application and said answers, had been
treated for pains in his head, at the base of his brain
by a professional physician and the said Perry Mitcham
Wingate's death was caused either by paralysis or dys-
pepsia, that said Perry Mitcham Wingate had suffered
with his head for a year or more and had been so suffering
at the time of his answers to the medical examiner of
this defendant.   And the defendant alleges that said
Perry Mitcham Wingate the insured, well knew at the
time of his statement and answers aforesaid as herein set
forth in this eighth plea, that his said statement and
answer was untrue and false, that he had been suffering
from some illness or local disease and said insured fraud-
ulently and deceitfully withheld such information from
the defendant and its medical examiner and misled and
deceived this defendant into issuing its said policy of in-
surance sued upon by such false fraudulent statements,
that the defendant did not at the time of the application
for said insurance not at the time of the issuance of said

policy of insurance, nor at any time thereafter until the death of said insured, know that the said answers of said Perry Mitcham Wingate were untrue and false and that said statements were made by the insured for the purpose of deceiving the defendant and committing a fraud in order to secure said policy of insurance.

9th. And for a further plea the defendant says that the policy of insurance sued upon, provided that the same was issued in consideration of the statements and agreements in the application and medical examination of Perry Mitcham Wingate, the insured, and that the same were made a part of the policy of insurance sued upon, that said policy also provided that the same and the application therefor and the statements made to the medical examiner taken together constituted the entire contract on the part of this defendant, and the defendant says that the said Perry Mitcham Wingate in his application for said policy of insurance, did agree that every statement and answer contained in said application and every statement made to the company's medical examiner at the time of the application for said policy of insurance was untrue, and the said Perry Mitcham Wingate in his answers to the medical examiner under his application for said policy of insurance did warrant that the answers to the questions stated in said medical examination and said application for said policy of insurance, were complete and true; and the defendant says that the said answers of said Perry Mitcham Wingate to the company's medical examiner, and the answers in said application were not complete and true in this, that the said Perry Mitcham Wingate in answer to the question 'What is your present state of health?' answered 'Good,' and this defendant says that the said answer was untrue and the said insured's present state of health was not good at the

10—Vol. 63.

time he, the said Perry Mitcham Wingate, answered said question and had not been for some time previous thereto. And the defendant alleges that the said Perry Mitcham Wingate at the time of making of his answer aforesaid when he stated that his then present state of health was good, knew that said answer was untrue and false and said answer was made for the purpose of deceiving and defrauding this defendant and misleading this defendant into issusing the policy of insurance sued upon on the life of the said Perry Mitcham Wingate, that the defendant knew at the time of his said application for said policy of insurance that he was unable to attend to his usual and ordinary affairs by reason of physical ailments and said Perry Mitcham Wingate knew that he had only recently been treated by a physician on account of his health and had been confined to his house by reason of his health and that his then present state of health was uncertain and was not good.

10th.    And for a further plea the defendant alleges that the policy of insurance sued upon herein provided that the same was issued in consideration of the statements and agreements in the application and medical examination which were made a part of said policy of insurance, a copy of which said statements and agreements in said application are hereto attached and made a part hereof, marked exhibit 'A' the same as though fully set forth herein and said statements made to the medical examiner taken together with said application constituted the entire contract between this defendant, the insured and the beneficiary under said policy of insurance; that the said application of the insured was a part of said policy of insurance and the same provided that the said policy should not take effect unless the first permium paid thereon should be actually paid by the said Perry Mit-

cham Wingate while in good health; and defendant alleges that said application to said policy of insurance contained an agreement made by said Perry Mitcham Wingate, and the said Perry Mitcham Wingate did agree with this defendant that every statement and answer contained in said application and every statement made to the company's medical examiner at the time of the application for said policy of insurance was true; and the said Perry Mitcham Wingate in said application did warrant in writing that his answers to the questions stated in medical examination were complete and true, and the defendant alleges that the insured, Perry Mitcham Wingate at the time of his application for said policy of insurance and at the time of the making of his agreements and statements as set forth in said application and the questions and answers as set forth therein were untrue and he did fraudulently and deceitfully withhold certain information in regard to his health as asked for in said application and said questions, and did make false and fraudulent answers in response to said questions and answers in said application and to the company's medical examiner and he procured said policy of insurance under false and fraudulent statements and procured the delivery of said policy of insurance to him when he was not in good health and when he had been suffering from a chronic sickness and disease for a long period of time prior to the payment of the first premium on said policy and prior to the delivery of said policy. That said Perry Wingate did make knowing the same to be untrue, false statements, in that he stated that he had never had dyspepsia or pneumonia or any habitual cough or any disorder of the heart or any habitual headache or any other illness, local or personal injury or that his then present state of health was good, and the defendant alleges that

the said Perry Mitcham Wingate knew that he had had dyspepsia or knew that he had had pneumonia or knew that he had had an habitual cough or knew that he had had a disorder of the heart or knew that he had had habitual headache or knew that he had other illness, local disease or personal injury or knew that his then present state of health was not good at the time of the making of the said answers and statements and said false and fraudulent answers and statements were made together with the incomplete statements made by him for the purpose of securing said policy of insurance in fraud of the rights and liabilities and interests of this defendant."

If we correctly understood the oral argument of the counsel for the plaintiff in error, he relies most strongly upon the defensive matters set up in these pleas. As is readily apparent, they attempt to set up as a defense fraud upon the part of the insured in his answers to some of the questions in his application. In Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 South. Rep. 950, as in Hillsborough Grocery Co. v. Leman, 62 Fla. 208, 56 South. Rep. 684, we held that "Wherever fraud is relied upon in any pleading, either at law or in equity, the allegations or averments should be specific and the facts constituting such fraud should be stated, else such pleading, upon proper attack, will be held bad." As we also held in Langston & Strickland v. National China Co., 57 Fla. 92, 49 South. Rep. 155, "in pleading fraud the untilmate facts constituting the particular fraud should be stated with certainty and directness," and "the sufficiency of a pleading alleging fraud is determined by the court upon demurrer." Likewise, as we have held in Seaboard Air Line Ry. v. Rentz & Little, 60 Fla. 429, 54 South. Rep. 13, and in subsequent cases, "The object of judicial

proceedings is to ascertain and to decide upon disputes between parties. In order to do this, it is indispensable that the point or points in controversy be evolved and distinctly presented for decision. The pleadings in an action at law are designed to develop and present the precise points in dispute and they should be characterized with certainty, clearness and conciseness. The administration of justice is a practical affair and the pleadings should not be converted, or rather perverted, into logomachies, or logic-chopping." In line with this, we held in Hillsborough Grocery Co. v. Leman, 62 Fla. 208, 56 South. Rep. 684, that "It is the first essential of good pleading that it be characterized by certainty." We have uniformly held that every pleading is to be most strictly construed against the pleader thereof. The facts and circumstances upon which a defendant in an action at law relies for his defense are matters peculiarly within his own knowledge and he will be presumed to have stated them as strongly and favorably to himself as he could, exercising his privilege of selecting his own language in which to couch them. Testing the three pleas which we have copied above and selected for consideration, are the sufficient to withstand the attack made on them by the demurrer? It seems to us that this question must be answered in the negative. We shall not undertake to subject them to a critical or crucial analysis. They would seem to fail to adequately set up actual fraud upon the part of the insured, which must be held to be requisite by reason of the incontestability clause in the policies which we have copied above, even if it would not be true in the absence of such clause, as to which we express no opinion. It will be observed that the defense that the policies in question were obtained by fraud or by false statements of the insured is not made an exception from

the operation of such policies by the terms hereof.   See the discussion in Clement v. New York Life Insurance Co., 101 Tenn. 22, 46 S. W. Rep. 561, 42 L. R. A. 247, especially the note on page 249 of 42 L. R. A.   We would also refer to Union Central Life Insurance Co. v. Fox, 106 Tenn. 347, 61 S. W. Rep. 62, 82 Amer. St. Rep. 885, and Patterson v. Natural Premium Mut. Life Insurance Co., 100 Wis. 118, 75 N. W. Rep. 980, 69 Am. St. Rep. 899. We do not feel called upon to go into a discussion of the interesting questions presented in these cited cases or to express any opinion thereon for the reason that, as we have already said, we do not think that the pleas set up actual fraud, even if it be true that actual fraud would constitute a good defense to an action upon these two policies, in spite of the incontestability clause therein.   We would also call attention to the fact that the defendant company did not rely solely upon the answers to the questions contained in the application of the insured, but also upon the report of its own medical examiner, which is attached to the pleas as an exhibit.   No fraud is alleged as to such report or that there was any collusion between such medical examiner and the insured.   In fine, we have been unable to discover any error in the rulings of the trial judge upon the demurrers to the pleas, therefore the judgment must be affirmed.

WHITFIELD, C. J., AND TAYLOR AND COCKRELL, J. J., concur.

HOCKER, J., absent.