Leltory E. Bruce Fisher, *Appellant,* v. Missouri State Life Insurance Company, a corporation, *Appellee.*

Division B.

Opinion filed April 10, 1929.

Petition for rehearing denied May 18, 1929.

*S. S. Sandford,* for Appellant;

*Mabry, Reaves & Carlton,* for Appellee.

BUFORD, J.—This was a suit by an insurance company to cancel and rescind a policy of insurance after the death of the insured. The beneficiary, who was made defendant, demurred to the bill of complaint.

The demurrer should have been sustained upon authority of the opinion in the case of Fla. Life Insurance Co. v. Dillon, 63 Fla. 140, 58 So. R. 643, in which case this Court say:

> If we correctly understood the oral argument of the counsel for the plaintiff in error, he relies most strongly upon the defensive matters set up in these pleas. As is readily apparent, they attempt to set up as a defense fraud upon the part of the insured in his answers to some of the questions in his application. In Heathcote v. Fairbanks, Morse & Co. 60 Fla. 97, 53 So. R. 950, as in Hillsborough Grocery Co. v. Leman, 62 Fla. 208, 56 So. R. 684, we held that "Wherever fraud is relied upon in any pleading, either at law or in equity, the allegations or averments should be specific and the facts constituting such fraud should be stated, else such pleading, upon proper attack, will be held bad." As we also held in Langston & Strickland v. National China Co., 57 Fla. 92, 49 So. R. 155, "in pleading fraud the ultimate facts constituting the particular fraud should be stated with certainty and directness," and "the sufficiency of a pleading alleging fraud is determined by the court upon demurrer" Likewise, as we have held in Seaboard Air Line Ry. v.

Rentz & Little, 60 Fla. 429, 54 So. R. 13, and in subsequent cases. "The object of judicial proceedings is to ascertain and to decide upon disputes between parties. In order to do this, it is indispensable that the point or points in controversy be evolved and distinctly presented for decision. The pleadings in an action at law are designed to develop and present the precise points in dispute and they should be characterized with certainty, clearness and conciseness. The administration of justice is a practical affair and the pleadings should not be converted, or rather perverted, into logomachines, or logic-chopping." In line with this, we held in Hillsborough Grocery Co. v. Leman, 62 Fla. 208, 56 So. R. 684, that "It is the first essential of good pleading that it be characterized by certainty." We have uniformly held that every pleading is to be most strictly construed against the pleader thereof. The facts and circumstances upon which a defendant in an action at law relies for his defense are matters peculiarly within his own knowledge and he will be presumed to have stated them as strongly and favorably to himself as he could, exercising his privilege of selecting his own language in which to couch them.

See also Hart v. Marbury, 82 Fla. 317, 90 So. R. 173, and cases there cited.

The bill of complaint alleges as one of the grounds for cancellation and rescission,

That before issuing said policy your orator required the said Ernest Fisher to furnish certain information and to answer certain questions relating particularly to the condition of health of the said Fisher. That the information so required was actually furnished by the said Fisher, and your orator issued and delivered the

said policy hereinabove described upon the faith of such information, believing the same to be true. That the said Fisher, among other things, was asked to detail all illness, diseases, operations, he had had since childhood, giving the nature of the infection, accidents or injuries, the date, duration, complications, results and name of medical attendant, and that the said Ernest Fisher answered that he had never had a doctor in his life.

It will be observed that the allegation of the bill of complaint above quoted shows that the answer to the question propounded was neither direct nor responsive to the full question propounded. The insurance company accepted the alleged evasive and unresponsive answer and issued its policy without requiring a direct and responsive answer to the question propounded. The bill of complaint fails to allege that the insured at the time of answering the question had knowledge of any affliction or bad health at the time he signed the application and submitted answers to the questions propounded.

After the demurrer had been overruled the beneficiary, the defendant in the court below, filed an answer in which were incorporated allegations and prayer for affirmative relief.

The evidence does not disclose that there was any intention on the part of the insured to procure the issuance of the policy by fraud or deception. So far as the evidence discloses, the insured had not suffered any discomfiture or ailment within nearly a year prior to the time of the application for the policy. The probative force of the evidence shows that he did not consider his condition at all alarming when he consulted a physician in June or July of 1923 prior to his death in 1925 and that although he submitted to an X-Ray examination at that time, he was

not sufficiently impressed with the possibility of the seriousness of his condition to follow the advice of the physicians who stated that they advised him to have an operation, which advice was based upon what they stated was at most their opinion that he had an ulcer of the stomach. The evidence does not show that between that time and the date of his death he ever had any reason to believe from his physical condition that that opinion was well founded or that he had made any mistake in declining to follow the advice of the physicians to have an abdominal operation.

The evidence does not show that he ever had a physician to attend him, that is to make a visit to him for the purpose of administering to him professionally.

The evidence fails to show, and as is heretofore stated, the bill of complaint fails to allege, that the insured at the time of answering the questions was conscious of any affliction or bad health at the time he signed the application.

The insurance company had the right to require a full and complete answer to the questions propounded in the application and if it waived this right by accepting the application containing the answers which were not responsive to the questions propounded, it could not complain that it did not receive information to which it was entitled.

The decree appealed from should be reversed with directions for the entry of a decree in favor of the appellant, the defendant in the court below, in accordance with the proof supporting the allegations and prayer of her answer, for affirmative relief and it is so ordered.

Reversed and remanded.

Whitfield, P. J., and Strum, J., concur.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.