165 So.2d 804 (1964)
AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, Appellant,
v.
Eileen TOTH, Appellee.
No. 63-819.
District Court of Appeal of Florida. Third District.
June 9, 1964.
Rehearing Denied July 21, 1964.
Helliwell, Melrose & DeWolf, and Halleck A. Butts, Miami, for appellant.
Shutts, Bowen, Simmons, Prevatt & Boureau, and Christopher C. Larimore, Miami, for appellee.
Before HORTON, TILLMAN PEARSON and HENDRY, JJ.
TILLMAN PEARSON, Judge.
Alexander Toth was a truck driver for the City of Miami Waste Division. He applied for a policy of insurance with American Bankers Life Assurance Company of Florida. On the following day the company's examiner came to the home of Mr. Toth at approximately 6 P.M. in the evening. The doctor in his own handwriting completed parts 2 and 3 of the application and gave Mr. Toth a physical examination. The doctor was in the home only fifteen to thirty minutes. No one else was present at the examination, this being a requirement of the company. The doctor testified that he did not know whether Mr. Toth read the application before signing his name to it. However, the doctor found the applicant to be in good health.
In part 2 of the application, the following questions and answers thereto were given: "When did you last consult a physician or practitioner?  1953." "Name of physician or practitioner?  City of Miami physician." "Have you consulted any physicians or practitioners the past five years for any other cause?  No."
*805 The examination for the insurance was conducted on April 12, 1962. Mr. Toth subsequently died of cancer which was discovered sometime after June 23, 1962. American Bankers Life Assurance Company of Florida refused to pay the policy on the basis that because of false representation the policy was void. Eileen Toth, the widow and beneficiary, brought an action on the policy and received a summary final judgment. From this judgment American Bankers Life appeals.
The fraud allegation consists of the fact that the application (1) failed to list consultations by Mr. Toth with doctors in 1958 in connection with injuries received by him in an automobile accident; (2) the fact that two weeks prior to the date of the application Mr. Toth had visited a doctor complaining of headaches, not feeling very well generally and that he had had a dizzy spell several weeks prior to the visit.
It affirmatively appears from the record that the medical consultations in 1958 were entirely for the purpose of procuring treatment for a sprain of certain muscles and ligaments which were a part of a whiplash injury.
It further appears that just prior to the date of the application for life insurance, Mr. Toth had received a physical examination. The doctor at that time told him that he was overweight, and had a slight elevation in blood pressure but no treatment was given. Mr. Toth was told that his complaints would disappear if he reduced his weight and overcame his tenseness. The appellant contends that these deficiencies in the application are sufficient to void the policy under § 627.01081, Fla. Stat., F.S.A., which is as follows:
"627.01081 Representations in applications
"All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
"(1) Fraudulent; or
"(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
"(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."
The appellant also relies upon the holding of the Supreme Court of Florida in Thompson v. New York Life Ins. Co., 143 Fla. 534, 197 So. 111. It is urged that under the statute above quoted and the holding in the cited case that:
"Materiality of a fact, in insurance law, is subjective. It concerns rather the impression which the fact claimed to be material would reasonably and naturally convey to the insurer's mind before the event, and at the time the insurance is effected, than the subsequent actual casual connection between the fact, or the probable cause it evidences, and the event."
We do not think this question is reached in this case because of the holding of the trial judge as follows:
"Placing the burden upon the insurer of showing material misrepresentation made in bad faith is consistent with realities. The widow or beneficiary of a policy of insurance is under an initial handicap in cases of this kind as the *806 testimony of the insured is unavailable. As evidenced by the facts in this case, the emphasis of the companies' agents is usually upon securing the application, not rejecting it. The companies' examiner, at the close of a day's practice, may be more concerned with completing an examination than with giving a thorough and complete clinical and historical account. Moreover, they are instructed that nobody else may be present during the examination. A look at Parts I and II of the application reveals that the companies' inquiry of an applicant, not trained in medicine, is so extensive as to be very difficult of answering in full. Moreover, it appears that the company did not insist upon full and complete answers, as indeed it would be difficult. Nor was the time taken by the company's agents sufficient to afford the time required to complete the literal requirements of the application."
The Supreme Court of Florida long ago ruled that an insurer should be barred from requiring more precise disclosures about the insured after his death than was sought in his lifetime. In Fisher v. Missouri State Life Ins. Co., 97 Fla. 512, 121 So. 799, physicians had advised the applicant to have an operation based upon their opinion that he had an ulcer. When asked about his illnesses, diseases, and operations since childhood, he answered that he had never had a doctor in his life. In reversing a decree, cancelling a policy of insurance for misrepresentation, the court held:
"The insurance company had the right to require a full and complete answer to the questions propounded in the application, and if it waived this right by accepting the application containing the answers which were not responsive to the questions propounded, it could not complain that it did not receive information to which it was entitled."
See also cases collected at 29 Am.Jur., Insurance, § 1075, n. 9.
Affirmed.