173 So.2d 763 (1965)
Norman KUTNER and Helen Kutner, his wife, Appellants,
v.
Leonard KALISH and Frank Kalish Appellees.
No. 64-776.
District Court of Appeal of Florida. Third District.
April 13, 1965.
*764 Rothstein & Tumin, Miami, for appellants.
Herbert E. Kaufman, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
Plaintiffs brought action against the defendants herein, and in a three count complaint sought damages arising out of a loss occasioned when plaintiffs, pursuant to defendants' alleged fraudulent misrepresentations, conspiracy and grossly negligently given advice, invested funds with one Herbert Goldberger.
Defendants' motions to dismiss for failure to state a cause of action were sustained. Plaintiffs elected not to amend their complaint within the time allowed and appealed.
In count I of the complaint, plaintiffs attempted to allege a cause based upon legal fraud. It has long been the Florida rule that whenever fraud is relied upon the allegations relating thereto should be specific and the facts constituting the fraud *765 clearly stated.[1] This position has not been abandoned by the adoption of the Florida Rules of Civil Procedure.[2]
In order that fraud be actionable the following elements must be made to appear:
(1) a misrepresentation of material fact,
(2) [a] knowledge of the representor of the misrepresentation, or, [b] representations made by the representor without knowledge as to either truth or falsity, or, [c] representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof,
(3) an intention that the representation induce another to act on it, and
(4) resulting injury to the party acting in justifiable reliance on the representation.[3]
It is our view that the allegations of count I, although rather prolix, are nevertheless sufficient in law to withstand a motion to dismiss for failure to state a cause of action.[4]
In testing a complaint against a motion to dismiss the court must take as true all material well pleaded allegations.[5] Those allegations are then viewed in light of the applicable substantive law to determine the existence of a cause of action.[6]
Applying all the above to the case sub judice we find the trial court erred in dismissing count I. In so deciding we do not consider whether portions of said count should be stricken as that question has not yet been determined by the trial court.
Count II of the complaint is legally insufficient to state a cause of action in conspiracy. The rule in Florida is well settled that allegations of conspiracy must be clear, positive and specific.[7] The complaint being totally insufficient in that regard it was properly dismissed.
An examination of count III impells the conclusion that it too fails to allege facts sufficient to state a cause of action in either malpractice or negligence. Furthermore, by incorporating counts I and II in toto into count III plaintiffs have so confused the issues as to render the count virtually impossible to defend against.[8]
Accordingly the judgment appealed is affirmed in part and reversed in part.
Affirmed in part and reversed in part.
NOTES
[1] Florida Life Insurance Co. v. Dillon, 63 Fla. 140, 58 So. 643 (1912); Langston & Strickland v. National China Co., 57 Fla. 92, 49 So. 155 (1909).
[2] Rule 1.9(b) F.R.C.P., 30 F.S.A.; Ocala Loan Company v. Smith, Fla.App. 1963, 155 So.2d 711.
[3] Joiner v. McCullers, 153 Fla. 562, 28 So.2d 823 (1947); Watson v. Jones, 41 Fla. 241, 25 So. 678 (1899).
[4] Mizell v. Upchurch, 46 Fla. 433, 35 So. 9 (1903).
[5] Nunez v. Alford, Fla.App. 1960, 117 So.2d 208.
[6] Binz v. Helvetia Florida Enterprises, Fla.App. 1960, 104 So.2d 124.
[7] See Gair v. Lockhart, Fla. 1950, 47 So.2d 826; Renpak, Inc. v. Oppenheimer, Fla. App. 1958, 104 So.2d 642; Ocala Loan Co. v. Smith, Note 2, supra.
[8] Messana v. Maule Industries, Fla. 1951, 50 So.2d 874.