199 So.2d 113 (1967)
Hazel E. THOMPSON, Appellant,
v.
SAFECO INSURANCE COMPANY OF AMERICA, a Corporation, Appellee.
No. 549.
District Court of Appeal of Florida. Fourth District.
May 25, 1967.
William Murrell, Jr., Orlando, for appellant.
*114 John L. Sewell, of Gurney, Gurney & Handley, Orlando, for appellee.
CROSS, Judge.
Appellant (plaintiff) appeals an order dismissing her second amended complaint with prejudice for failure to state a cause of action.
The complaint is in three counts. Counts I and II allege fraud and deceit on behalf of the appellee-defendant insurance company through its adjuster. Count III alleges that the plaintiff was and became a third party beneficiary under the insurance contract between the defendant and the insured. The complaint also seeks declaratory relief.
The allegations in the complaint are detailed and no useful purpose would be served by reciting them at great length. In essence the complaint alleges the plaintiff, an elderly widow, sustained personal injuries resulting from an automobile accident, that defendant's adjuster began to visit the plaintiff about every two weeks following the accident and that during these visits the adjuster gained the plaintiff's confidence by assuring her that he would settle her claim when she was released from her doctor. The adjuster constantly reassured the plaintiff that he had the authority and the ability to prepare and execute whatever instruments necessary to provide the plaintiff with a full settlement without the necessity of any claim being filed by the plaintiff against the estate of the defendant's insured.
The complaint further alleged the plaintiff had told the defendant's adjuster that she would file a claim with the county judge's court if it was necessary to protect her interest, and the adjuster again reassured her that he would make settlement on behalf of the defendant company and urged her not to file a claim.
After time had expired for filing of claims against the estate of the defendant's insured the adjuster once again presented himself at the home of the plaintiff and offered plaintiff a sum so paltry that it would not reimburse her for the damage done to her automobile. Plaintiff refused to accept the offer and the company denied liability.
It has long been established in Florida that whenever fraud is relied upon the allegations relating thereto should be specific and the facts constituting fraud clearly stated. Rule 1.120(b), Rules of Civil Procedure, 30 F.S.A.[1] Kutner v. Kalish, Fla. App. 1965, 173 So.2d 763; Florida Life Insurance Co. v. Dillon, 1912, 63 Fla. 140, 58 So. 643; Langston & Strickland v. National China Co., 1909, 57 Fla. 92, 49 So. 155.
On a motion to dismiss for failure of the complaint to state a cause of action the motion for the purpose of disposition admits as true all material allegations well pleaded. Ocala Loan Company v. Smith, Fla.App. 1963, 155 So.2d 711; Nunez v. Alford, Fla.App. 1960, 117 So.2d 208.
Those allegations are then viewed in the light of the applicable substantive law to determine the existence of the cause of action. Kutner v. Kalish, supra; Binz v. Helvetia Florida Enterprises, Fla.App. 1958, 104 So.2d 124.
Counts I and II of plaintiff's second amended complaint clearly allege and set forth with particularity the circumstances that (a) defendant's representations were false, (b) that the defendant knew them to be false, (c) that defendant intended to defraud the plaintiff, (d) that plaintiff believed the said representations to be true and the plaintiff relied thereon, (e) that the plaintiff sustained damages.
*115 Accordingly, the first two counts of plaintiff's second amended complaint were sufficient to withstand a motion to dismiss for failure to state a cause of action.
The third count of plaintiff's second amended complaint is not sufficient wherein she alleges that she was and became a third party beneficiary to the said contract of insurance between the defendant and the insured and within the class of persons protected by said contract of insurance.
The general rule governing this situation is stated thus in 29A Am.Jur., Insurance, § 1485 (1960):
"As a general rule, and in the absence of a contractual or statutory provision in such respect, there is no privity between an injured person and a liability insurer and the former has no right of action at law against the latter. * * *"
See also 46 C.J.S. Insurance § 1191a (1946).
Florida is among those jurisdictions which does not recognize the third party beneficiary theory under automobile liability insurance policies in the absence of a policy provision. Hayes v. Thomas, Fla.App. 1964, 161 So.2d 545; Canal Insurance Co. of Greenville, S.C. v. Sturgis, Fla.App. 1959, 114 So.2d 469, (aff'd., Fla. 1960, 122 So.2d 313). In the case sub judice the policy in question was not attached to the complaint and was not included in the record on appeal nor were there any allegations of such policy provision ever made.
Accordingly, the trial court's dismissal of the third count of the second amended complaint is affirmed. The dismissal of the first and second counts thereof is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.
Affirmed, in part; reversed, in part, and remanded with directions.
WALDEN, C.J., and FARRINGTON, OTIS, Associate Judge, concur.
NOTES
[1] "RULE 1.120 PLEADING SPECIAL MATTERS. * * *

"(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit. Malice, intent, knowledge, mental attitude and other condition of mind of a person may be averred generally."