PEARSON, Chief Judge.
These appeals are from orders granting defendant’s motion to dismiss plaintiffs’ third amended complaint and dismissing the complaint with prejudice. An identically worded order was entered in a suit by the appellant MacDonald and in a suit by appellant Williams.
Mrs. MacDonald and Mrs. Williams were the owner-driver and passenger respectively of a Volkswagon automobile. They were upon a journey to Atlanta, Georgia. While on the Sunshine State Parkway, they bought four tires at an American Oil Station. Later one of these tires blew out on a highway in Georgia. Each of them, joined by their respective husbands, sued the American Oil Company.
The basis for each suit was the allegation that at the time the tires were sold to Mrs. MacDonald:
“(d) At the said time and place, the defendant, AMERICAN OIL COMPANY, through its authorized agent, JAMES FRITTS, doing business as Parkway American represented to the plaintiff, that the aforesaid tires were “used tires” that were taken off a new demolished Volkswagon and that said tires were fully guaranteed and still in warranty when he knew that the tires were in fact “recaps”. The defendant, JAMES FRITTS, acting within the scope of his authority as aforesaid, willfully and unlawfully, *232 fraudulently and with the intent to mislead the plaintiff misrepresented these facts to induce the plaintiff to purchase the tires as aforesaid. The plaintiff, ELLA SMITH WILLIAMS, relied upon the fraudulent misrepresentations of the defendant, JAMES FRITTS, and did, in fact, purchase the tires in whole or in part.”
It is further alleged that as a result of the fraud and misreprsentation as to the tires, appellants used the tires and when one of them blew out on the highway, the automobile overturned and the two ladies were injured. The action was for the personal injuries sustained.
The question presented is whether or not there are sufficient allegations to support the action for personal injuries. The trial court held that the allegations were not sufficient and we conclude that he was correct in so holding.
The action is for an alleged fraudulent sale resulting in personal injury. As such it must not only state the elements of a cause of action for fraud as set forth in Kutner v. Kalish, Fla.App.1965, 173 So.2d 763, but must allege facts showing a causal connection between the fraud and the injury for which damages are claimed. Tampa Union Terminal Co. v. Richards, 108 Fla. 516, 146 So. 591 (1933). The fraud claimed is that the tires sold were represented as “used tires” but were actually “recapped tires.” It is then alleged that a tire blew out and that as a result of the blow out, an accident occurred.
It is suggested in argument that recapped tires are always more likely to blow out than used tires but no such allegation appears in the complaint. In the absence of an allegation that recapped tires are dangerous or at least more dangerous than used tires, there is no connection between the alleged fraud and plaintiffs’ injuries. We note that plaintiffs did not request leave for further amendment in the trial court, nor is error claimed upon the court’s refusal to allow further amendment.
Having reached the conclusion that the complaints were insufficient, we do not reach the question of whether the passenger had a cause of action for injury due to fraud.
Affirmed.