Claudie **ADAM,** as surviving spouse of Marc Adam,
Plaintiff/Counter–Defendant,

v.

**SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY,**
Defendant/Counter–Plaintiff.

No. 87–0839–Civ.

United States District Court,
S.D. Florida,
Miami Division.

Oct. 20, 1987.

Peter A. Miller, Miami, Fla., for plaintiff/counter-defendant.

Shutts & Bowen, Robert A. Wainger, Miami, Fla., for defendant/counter-plaintiff.

## MEMORANDUM ORDER

SCOTT, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion for Reconsideration of an Order dated July 17, 1987, denying South Farm Bureau Life Insurance Company's Motion to Compel Discovery. At Defendant's request, the Court granted oral argument, and thereafter requested that the parties submit for review all discovery to date, including depositions of Claudie and Marc Adam taken in a related criminal proceeding in state court. We have now had the occasion to review these matters at length.

---

**1.** That the application was an integral part of the insurance policy cannot be disputed; and thus any material misrepresentation or omis-

## HISTORY OF THE CASE

Adam seeks recovery under a policy of life insurance issued by Defendant to Plaintiff's husband, Marc Adam. As is routine, Marc provided answers on the application for insurance. The application was submitted and the policy issued.[1] Marc was later shot and killed—gangland style—and the widow submitted a claim under the policy. Subsequently, Farm Bureau discovered that Marc ran a bolita operation out of a game room and his murder was possibly related to this criminal activity. Farm Bureau denied the claim contending that Marc made misrepresentations in the application which were material to the issuance of the policy. F.S. § 627.409.

## ISSUE

The issue presently before the Court is the extent of discovery which Farm Bureau should be permitted to conduct on the carrier's claim of misrepresentation. This issue, in turn, will be determined by the questions asked and the answers submitted on the Farm Bureau application. Each party offers a different view on this point. Suffice it to say that an objective examination of the pertinent portion of the application reveals that the nature of the inquiry is general employment of the applicant, i.e., "what is your present occupation?" and secondary occupation, "Do you have a second or part-time job?" Marc answered that he owned a restaurant (present occupation) and a game room (secondary occupation). Farm Bureau argues that extensive discovery concerning the assets and expenditures of Marc and Claudie Adam is required in order to demonstrate that the insured's major source of wealth was from the unreported bolita operation—not the restaurant and game room—and therefore, he misrepresented his employment.

At first blush, this argument has a persuasive logic; however, upon subsequent reflection it is defeated by the very application under which Defendant is traveling.

---

sion would form the basis for denial of coverage.

Following the questions which Marc answered, there was an additional question, Annual Earned Income from:

a) Occupation $_____
b) Other Source $_____

This question was not answered by Marc Adam; notwithstanding this, the policy was issued. Surely, if income was important, the underwriter should have made further inquiry before issuing the policy. In light of Farm Bureau's omission, it is inconsistent for the carrier to now urge that this evidence is relevant. While the logic and eloquence of the carrier's counsel is moving, counsel is unfortunately bound by his client's prior failures. *American Bankers Life Assur. Co. v. Toth*, 165 So.2d 804 (3rd DCA Fla. 1964); *see Independent Fire Insurance v. Horn*, 343 So.2d 862, 865 (1st DCA Fla. 1976).

In any case, we have reviewed the discovery provided by Claudie Adam in her answer to interrogatories and request for production and find it sufficient, even if Defendant is correct in its position. *See* 8 Wright and Miller *Federal Practice and Procedure* § 2176 and cases cited therein. We note that extensive depositions of Marc and Claudie Adam, taken in a related criminal case contemporaneous with the case at bar, are in the possession of the Defendant. Parenthetically, we must add that seldom does an insurance carrier have the advantage of a full deposition of the decedent prior to his death on the very issue which is being litigated. Finally, we note that Defendant has not noticed Claudie Adam for deposition. This discovery mechanism should provide sufficient information concerning any relevant, unanswered questions.

Lest the parties be left with any ambiguity about the scope of future discovery including Claudie's deposition, Defendant may inquire as to (a) any areas of Marc Adam's employment history, including the restaurant, game room and bolita operation; (b) any source of Marc's income, since Plaintiff has already, by virtue of her pre-

vious production, agreed that this is discoverable;[2] and (c) any assets or wealth referred to in the answer to interrogatories and request for production regardless of whether the assets belonged to Marc or Claudie.

## CONCLUSION

The resolution of this discovery issue presents the Court an opportunity to comment on the further disposition of this case. The legal issues presented are whether Marc Adam misrepresented his employment; whether any misrepresentation was material to the policy; and, whether Farm Bureau has any right to claim misrepresentation by virtue of its failure to make diligent inquiry concerning known facts.

These issues may or may not be resolved by cross-motions for summary judgment. However, the Court invites such motions in order to resolve this case on the merits, or at a minimum, reduce triable issues. Accordingly, it is ordered as follows:

1. Motion for Reconsideration is denied, except to the extent permitted herein.

2. In light of the resetting of the trial until February 1, 1988, the parties shall be allowed discovery until November 30, 1987, and all motions shall be filed by December 15, 1987.

---

**2.** If there was some question in Plaintiff's mind, she should have sought a legal determination by

motion for protective Order before responding.