(42 South. 211.)

No. 16,256.

## OVERING v. PROVENSAL.

(Oct. 29, 1906.)

DIVORCE—EVIDENCE OF MARRIAGE.

Where, on confirmation of a judgment by default in a suit for separation from bed and board, a single witness testifies that plaintiff and defendant were married, no further proof is necessary to establish the marriage, and, if the case be otherwise made out, there should be judgment for plaintiff.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, § 396; vol. 34, Cent. Dig. Marriage, § 80.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by Eliza Overing against Louis Provensal, her husband. Judgment for defendant, and plaintiff appeals. Reversed, and entered for plaintiff.

Benjamin Rice Forman, for appellant.

## Statement.

MONROE, J. Plaintiff brought this suit for separation from bed and board, for a partition of the community, and for the custody of her children, and prayed for a preliminary injunction, which was issued, restraining defendant from molesting her and from disposing of the property of the community. She alleged cruel treatment, threats, and actual violence, and, defendant having failed to appear, she entered judgment by default and offered evidence in confirmation of the same, and thereafter final judgment was rendered dismissing the action "as in case of nonsuit; the marriage contract not having been proved."

Plaintiff has appealed.

There were but two witnesses examined, Mrs. Kaul and Mrs. Ferrer.

Mrs. Kaul gives the following, with other, testimony:

"Q. Do you know Mrs. Elvira Overing, wife of Louis Provensal?
"A. I do; yes, sir.
"Q. They were married in January, 1895?
"A. Yes, sir."

She further testifies that defendant had threatened to kill his wife and himself, and that she (witness) had stayed with plaintiff

for several nights; that she had hidden the knives "and things of that kind," and that plaintiff was in such fear of her life that she had gone to her sister's; that they were both so much afraid that, whilst witness remained with plaintiff at night, they did not go to sleep; and that defendant was very abusive to his wife, and cursed her, and called her bad names.

Mrs. Ferrer, plaintiff's sister, testifies to defendant's ugly disposition, his wife's fear of him, and to an instance, which occurred several years prior to the suit, when he struck her a violent blow in the presence of a number of persons.

## Opinion.

There being no special issue upon that point and no objection to the mode of proof, we are of the opinion that the marriage was sufficiently established by the testimony of Mrs. Kaul to the effect that plaintiff and defendant were married in January, 1895. Upon the main question we find the testimony of two witnesses showing that defendant kept his wife in a condition of dread, to which one of them adds that he cursed and abused her and threatened her life, and the other that he struck her a violent blow in the presence of a number of other persons. This latter incident, having occurred some three years prior to the institution of the suit, is entitled to consideration only in connection with the general conduct of the defendant, particularly his conduct just before the suit was filed, as a consequence of which, and in fear of an attack upon her life, plaintiff was obliged to leave her home and seek refuge elsewhere. The testimony of the witnesses is to some extent corroborated by the failure of the defendant to make an appearance, and, upon the whole, we think that plaintiff is entitled to judgment. We find no evidence in the record as to the existence of any community property.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled and reversed, and that there now be judgment in favor of the plaintiff, Elvira Overing, decreeing a separation from bed and board as between her and her husband, Louis Provensal, defendant herein, awarding to plaintiff the custody of her minor children, and maintaining the preliminary injunction herein issued restraining defendant from molesting plaintiff or her children.

It is further adjudged that plaintiff's demands with respect to community property be dismissed as in case of nonsuit and that defendant pay all costs.