HARTFORD FIRE INSURANCE COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. M. HOLLIS, *Defendant in Error*.

1.  In passing upon an assignment based upon a ruling sustaining a demurrer to a plea, an appellate court will restrict its investigation to the grounds stated in the demurrer, unless the plea is so faulty as to constitute no defense to the action.

2.  It is the declared policy of this court to confine the parties litigant to the points raised and determined in the court below and not to permit the presentation of points, grounds or objections for the first time in this court, when the same might have been cured or obviated by amendment, if attention had been called to them in the trial court.

3.  A ground of demurrer interposed to several pleas "that each and all of said pleas are vague, indefinite and uncertain, and set forth no defense as against the plaintiff's cause of action," is not a sufficient compliance with the statutory requirements, and presents nothing for consideration, unless, upon a bare inspection of the pleas, they should be found so faulty and defective as to constitute no defense to the action.

4.  If the plaintiff conceives pleas are "so framed as to prejudice or embarrass or delay the fair trial of the action," he should move the court for a compulsory amendment thereof, in accordance with the provisions of section 1433 of the General Statutes of 1906.

5.  A clause in a fire insurance policy, providing that "this entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed," is a wise and proper safeguard to the insurer against the greatly increased risk consequent upon the circumstances provided against therein. This is likewise true of the customary clause in insurance policies, "or if the hazard be increased by any means within the control or knowledge of the insured." In an action upon such policy, the insurer is entitled to base its defense upon a failure to comply with such provisions.

6. In an action upon a fire insurance policy, containing the customary provisions in such policies as to the institution of foreclosure proceedings and increased hazard, when such policy, which is attached to the declaration and made a part thereof, shows that it is a combination policy issued for a single stated consideration, whereby the defendant company agreed and undertook to insure the plaintiff against loss or damage by fire to the amount of $1250.00, of which $1,000.00 was placed upon the stock of merchandise "while contained" in the described building and the other $250.00 was placed upon such building "while occupied as a general merchandise store," it is error to sustain a demurrer to pleas which aver the institution and pendency of foreclosure proceedings upon such building, with the knowledge of the insured, and the failure of the plaintiff to comply with the provisions of the policy relating thereto, especially when the grounds of the demurrer fail to specifically point out wherein such pleas are defective in substance.

7. What is commonly known as the "iron safe clause" usually found in fire insurance policies has been held by this court to be a valid provision, and the defendant company, in an action brought against it upon such policy, is entitled to base its defense thereto upon the failure of the plaintiff to comply with such provision.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Cockrell & Cockrell,* for Plaintiff in Error;

*Price & Watson,* for Defendant in Error.

SHACKLEFORD, J.—A judgment is brought here for review which the defendant in error as plaintiff in the court below recovered against the plaintiff in error as defendant

upon a fire insurance policy.  The declaration substantially follows the statutory form in such actions and a copy of the policy is attached thereto.  Six pleas are filed as follows:

"1.  The building described in said declaration was located on and was a part of certain real estate which was granted to the plaintiff by one John W. Sketo under whom plaintiff claimed title, and while so owned by said Sketo said Sketo gave a mortgage thereon, to-wit.: Two mortgages to Covington & Company and one mortgage to F. M. Hawkins, upon which foreclosure proceedings were commenced and duly prosecuted to a judicial sale of said property on the 6th day of January, A. D., 1908, the day following the night when said building was destroyed by fire; said foreclosure proceedings were so commenced and prosecuted in the said circuit court on the chancery side, with the knowledge of the plaintiff; and notice was given of the sale of said land including said building by virtue of said mortgage, to-wit.: each and every the three mortgages aforementioned, and in pursuance of the final decree of said court ascertaining due by said mortgagor to said mortgagees a large sum in the aggregate, to-wit.: $2400, and directing the said sale by a master appointed for the purpose; and said notice of sale was so given by said master for the usual period, to-wit.: 30 days, as directed in said decree, and for such period said notice was published in a newspaper published in said county, and said notice contained a description of said land whereof said building was a part and gave the title of the case and the day of sale as aforesaid, and the place of sale therein given was at the county site of said county, to-wit., at the court house door.  And during said period long prior to said sale the plaintiff saw said notice and knew that said property was to be sold on the first Monday in January, A. D., 1908, and

said real estate was so sold on said day by said master, but the night before as aforesaid, said building was destroyed by fire. There was no agreement endorsed on or added to said policy with reference to said foreclosure or to said notice of sale.

2. And for a second plea the defendant says that notice of sale was given of property covered by the said policy, to-wit.—said building, by virtue of a mortgage thereon, that said notice was by publication in a newspaper published in said county and pending the same and long before the sale day was known to the plaintiff, and said fire occurred the night before the day for sale fixed in said notice; and that there was no agreement endorsed on or added to said policy with reference to said foreclosure or to said notice of sale.

3. And for a third plea the defendant says, that the alleged contract declared on called a policy contains the provision, "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the hazard be increased by any means within the knowledge or control of the insured;" that after the issuance of the policy declared on and prior to the alleged fire, Covington & Company and F. M. Hawkins, procured a decree in a foreclosure suit against one John W. Sketo, which decree ascertained a large sum, to-wit.—$2400.00 due said mortgagees, and said decree directed the sale of said land by a master appointed for the purpose; and said notice of sale was given by said master for the usual period, to-wit.—30 days, as directed in said decree, and for such period such notice was published in a newspaper published in said county, and said notice contained a description of said land whereof said building was a part and gave the title of the case and the day of the sale as aforesaid and the place of sale therein given was at the county site of said county, to-wit.—at the court house

door, and during said period long prior to said sale the plaintiff saw said notice and knew that said property was to be sold on the first Monday of January, A. D., 1908, and said real estate was so sold on said day by said master, but the night before, as aforesaid, said building was destroyed by fire. The procurement of this decree and the advertisement of the sale of property covered by the policy sued on increased the hazard, and there was no agreement endorsed on or added to said policy otherwise providing with reference to increasing the hazard.

4. And for a fourth plea the defendant says, that it is not true as alleged that all conditions have been performed and all things and events existed and happened to entitle the plaintiff to the sum sued for or any sum in the premises, in this, that there was a part of said policy generally styled "Iron Safe Clause," made a part of said declaration, and that said plaintiff did not comply therewith, in this that he did not keep a set of books, which did clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit, from date of inventory, provided for in the first section of said clause during the continuance of the said policy preceding said fire.

5. And for its fifth plea the defendant says, it is not true as alleged that all the conditions have been performed and fulfilled and all things existed and happened to entitle the plaintiff to the sum sued for or any sum in the premises, in this, that there was a part of said policy generally styled "Iron Safe Clause," made part of said declaration, which required the plaintiff to produce for the inspection of the defendant the books so required to be kept, and the defendant says the books called for by said clause were not produced by the plaintiff for the inspection of the defendant.

6. And for a sixth plea the defendant says, that it is not true as alleged that all conditions have been performed and fulfilled and all things existed and happened to entitle the plaintiff to the sum sued for, or any sum in the premises, in this, that there was a part of said policy generally styled "Iron Safe Clause," made a part of said declaration, and the said plaintiff did not, as required by the third section of said clause keep the books therein provided for securely locked or otherwise in a fire proof safe, or in an iron safe at night, and at all other times when the building mentioned in said policy was not actually open for business, nor failing in this, did said plaintiff keep such books in some place not exposed to fire which would destroy the aforesaid building."

To these pleas the following demurrer was interposed:

"Now comes the plaintiff in the above styled and entitled cause, and demurs to the first, second, third, fourth, fifth and sixth pleas of the defendant's filed herein, and to each of said pleas, and for grounds of demurrer says:

1st. That each and all of said pleas are vague, indefinite and uncertain, and set forth no defense as against the plaintiff's cause of action.

And for grounds of demurrer to the first, second and third pleas, the plaintiff says:

1st.—That said pleas and each of them do not show that the alleged mortgage or mortgages were executed by this plaintiff, or with his knowledge or consent, or that he was in any way connected with or a party to the foreclosure proceedings alleged in said pleas or either of them.

2nd.—That it is not shown by either of said pleas that the hazard of said building so insured was in any manner increased by reason of said foreclosure proceedings alleged in said pleas.

3rd.—That said pleas nor either of them do not show that there was any change in the title of said property

since the issuance of said policies of insurance, or that the hazard was increased by reason of said foreclosure proceedings.

4th.—That said pleas affirmatively show that the plaintiff was not a party to the alleged foreclosure proceedings set forth and described in said pleas.

And for grounds of demurrer to the fourth, fifth and sixth pleas, and to each of said pleas, the plaintiff says:

1st.—That said pleas and each of them do not show in what manner the terms and conditions of the iron safe clause mentioned in said pleas and each of them violated.

2nd.—That said pleas and each of them fail to allege what book or books pertaining to plaintiff's business was not so kept in the iron safe, or protected from fire, and do not allege what books were not produced for the inspection of the defendants.

WHEREFORE, Plaintiff pray judgment of the court as to the sufficiency of the pleas aforesaid, and to each of said pleas."

Upon this demurrer the court made the following ruling:

"Now at this time came on to be heard the demurrer interposed by the plaintiff to the first, second, third, fourth, fifth and sixth pleas of the defendant, and the said cause having been submitted upon said demurrer, and the court being advised in the premises is of the opinion, that said demurrer as to the first, second, third and fifth pleas is well taken.

It is therefore considered and adjudged by the court that the said demurrer as to the first, second, third and fifth pleas, respectively, be and the same is hereby sustained.

It is further ordered and adjudged by the court that said demurrer as to the fourth and sixth pleas be and the same is hereby overruled.

Done and ordered at Marianna, Florida, this 24th day of June, A. D., 1908."

This ruling forms the basis of the first four assignments of error, to the effect that error was committed in sustaining the demurrer to the first, second, third and fifth pleas respectively. These assignments we shall now consider.

In several cases we have fully considered the functions of a demurrer and have also construed our statutes relating thereto, so that it would be a work of supererogation to enter into any extended discussion of such matters in this opinion. See Florida Cent. & P. R. Co. v. Ashmore, 43 Fla., 272, 32 South. Rep. 832; State *ex rel.* Kittel v. Trustees of the Internal Improvement Fund, 47 Fla., 302, 35 South. Rep. 986; Concurring opinion in Atlantic Coast Line R. R. Co. v. Benedict Pineapple Co., 52 Fla., 165, text 185, 186, 42 South. Rep. 529, text 536; Benedict Pineapple Co. v. Atlantic Coast Line R. R. Co., 55 Fla. 514, 46 South. Rep. 732, 20 L. R. A. (N. S.) 92. We have also held in several cases that on an assignment of error based upon the overruling of a demurrer to the declaration, the plaintiff in error will be confined to the grounds stated in the demurrer and argued in the appellate court, and no other grounds will be considered, unless there is an omission in the declaration of allegations of substantive facts which are essential to a right of action, so that the declaration wholly fails to state a cause of action. See Atlantic Coast Line R. R. Co. v. Crosby, 55 Fla. 400, 43 South. Rep. 318; Royal Phosphate Co. v. Van Ness, 53 Fla. 135, 43 South. Rep. 916; Atlantic Coast Line R. R. Co. v. Beazley, 54 Fla. 311, 45 South Rep. 761; German American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740, in addition to the cases cited *supra*. The same principle must necessarily apply to an assignment based upon the overruling of a demurrer to a plea. We have also held that, in passing upon an assignment based upon

a ruling sustaining a demurrer to a pleading, if the demurrer should have been sustained on any ground it would make no difference in the result that it was sustained upon a wrong ground, since it is with the ruling itself, and not with the reasons therefor, with which an appellate court is called upon to deal. Hoopes v. Crane, 56 Fla., 395, 47 South. Rep. 992, and Murrell v. Peterson, 57 Fla. 480, 49 South Rep. 31, and authorities therein cited. Prior to the enactment of chapter 5912, Laws of 1909, page 56, with which we are not now concerned, the trial judge was not required to specify the particular grounds of the demurrer upon which his ruling is founded. Gainesville & Gulf R. Co. v. Peck, 55 Fla. 402, 46 South. Rep. 1019. So we have likewise held in several cases that where a demurrer is interposed to a plea, when a motion to strike out would have been the proper method of attack, but such plea is so faulty that the court would have been justified in striking it out of its own motion, the sustaining of the demurrer thereto will be considered harmless error. McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910, and authorities there cited. We would also refer to Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922, for a discussion of the distinction between the respective functions performed by a motion to strike out a pleading and a demurrer, wherein a number of prior decisions of this court will be found collected. Unless, however, the plea to which a demurrer is interposed is so faulty as to constitute no defense to the action, in passing upon an assignment based upon a ruling sustaining a demurrer thereto, an appellate court will restrict its investigation to the grounds stated in the demurrer. This was clearly intimated in State v. Seaboard Air Line Ry., 56 Fla. 670, text 680, 47 South. Rep. 986, text 990. As was said in Wiggins Ferry Co. v. Ohio & M. Ry. Co., 142 U. S. 396, text 415, 12 Sup. Ct. Rep. 188:

"Rules of pleading are made for the attainment of substantial justice, and are to be construed so as to harmonize with it if possible." So, in Southern Life Insurance & Trust Co. v. Cole, 4 Fla. 359, which was a chancery case, in which an appeal opened up the whole case, this court held: "But though this court will re-examine questions decided against the respondent as well as such as passed *sub silentio*, or consider points made here for the first time, if raised by the pleadings and proofs, yet care must be taken that neither party be permitted to surprise or mislead his adversary, or to make objections which, if made in the court below, might have been obviated." To the same effect is Logan v. Slade, 28 Fla. 699, text 715, 10 South. Rep. 25, text 28. We have likewise held that a party who objects to the competency of a witness or to proffered testimony should state specifically the grounds of his objection, in order to apprise the court and his adversary of the precise objection he intends to make. McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910, and authorities there cited. So we have uniformly held that an appellate court will consider only such grounds of objection to the admissibility of evidence as were made in the court below; the plaintiff in error being confined to the specific grounds of objection made by him in the trial court, and only such of the grounds so made below as are argued will be considered by an appellate court. Cross v. Aby, 55 Fla. 311, 45 South. Rep. 820, and authorities there cited, and Brown v. Bowie, decided here at the present term. Also see Reid v. Southern Development Co., 52 Fla. 595, text 612, 42 South. Rep. 211. Upon the points we are now considering we would refer especially to the reasoning and authorities cited in the concurring opinion in Atlantic Coast Line R. R. Co. v. Benedict Pineapple Co., *supra*, and Benedict Pineapple Co. v. Atlantic Coast Line R. R. Co., *supra*. It will readily be seen from

an examination of the authorities which we have cited that it is the declared policy of this court to confine the parties litigant to the points raised and determined in the court below and not to permit the presentation of points, grounds or objections for the first time in this court when the same might have been cured or obviated by amendment if attention had been called to them in the trial court.

We now take up for consideration the grounds of demurrer directed against the pleas. The first ground, "that each and all of said pleas are vague, indefinite and uncertain, and set forth no defense as against the plaintiff's cause of action," is not a sufficient compliance with the statutory requirements, as the cited decisions of this court will show, and presents nothing for consideration, unless, upon a bare inspection of the pleas, they should be found so faulty and defective as to constitute no defense to the action. See also Cowan v. Motley, 125 Ala. 369, 28 South. Rep. 70, approvingly cited by us in Benedict Pineapple Co. v. Atlantic Coast Line R. R. Co. If the plaintiff conceived that such pleas were "so framed as to prejudice or embarrass or delay the fair trial of the action," he should have moved the court for a compulsory amendment thereof, in accordance with the provisions of section 1433 of the General Statutes of 1906. See Southern Home Insurance Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922, and authorities there cited.

The next four grounds of the demurrer are directed to the first, second and third pleas. As we have already copied such pleas and grounds of demurrer, we shall not repeat them. Suffice it to say that such pleas were based upon a provision in the policy to the effect that "this entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if with the knowledge of the insured, foreclosure proceed-

ings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed." This sentence occurs in a long paragraph containing different provisions common in insurance policies and usually found therein, which provisions are so well known that we deem it unnecessary to copy more than the one sentence. In the absence of any contention or showing that any fraud or deception was practiced upon the insured by the insurance company in issuing such policy or that any of the provisions thereof are unlawful, we are warranted in assuming the validity and legality of such provisions. This being true, the defendant was entitled to base its defense to an action upon such policy upon the failure to comply with any of the provisions of such policy. See Southern Home Insurance Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922, and Phoenix Insurance Co. v. Bryan, decided here at the present term. This very provision in insurance policies has been held by this court "to be a wise and proper safeguard to the insurer against the greatly increased risk consequent upon the circumstances provided against therein." J. I. Kelly Co. v. St. Paul Fire & Marine Insurance Co., 56 Fla. 456, 47 South. Rep. 742. We content ourselves with referring to the reasoning and copious citation of authorities in the opinion rendered in the cited case. While a dissenting opinion was filed in such case by Mr. Justice PARKHILL, in which Mr. Justice HOCKER concurred, such dissent was based upon a point, as we understand it, entirely foreign to the one now before us for consideration. The clause in question contains the words "any mortgage" and is entirely silent as to any participation by the insured in the foreclosure proceedings, his connection therewith or being a party thereto, or his knowledge of or consent to the execution of the mortgages in question. We would also refer to Titus vs. Glens Falls Insurance Co., 81 N. Y., 410, which

has been frequently approvingly referred to by this court. The policy also contains the customary clause, "or if the hazard be increased by any means within the control or knowledge of the insured;"

We also find that the declaration contains an allegation to the effect that for and in consideration of the sum of $41.25, the policy in question was issued, whereby the defendant company agreed and undertook to insure the plaintiff against loss or damage by fire to the amount of $1250.00, of which $1,000.00 was placed upon the stock of merchandise "while contained" in the described building and the other $250.00 was placed upon such building "while occupied as a general merchandise store." The policy which is attached to and made a part of the declaration also contains these allegations and stipulations. Thus we see that the policy upon which this action is based is a combination mercantile and building policy issued upon a single consideration. The pleas aver the institution and pendency of foreclosure proceedings upon the building covered by the policy. Surely the nice distinction in the law as to when such a policy may be treated as devisable, assuming that such question might be raised by proper proceedings in this case, should be raised by some specific ground of the demurrer and brought directly to the attention of the opposite party as well as of the court. It is asking too much to require the court to consider such an intricate and controverted point *sua sponte* as it were. Quite a number of authorities have been cited to us, but we see no useful purpose to be accomplished by a discussion thereof. We are not called on to declare whether or not the first three pleas are such that they are unassailable by demurrer but simply whether or not they are open to attack by the demurrer as

framed.   After a careful consideration of the matter, we
are of the opinion that this question must be answered in
the negative.   We might well say of each of such pleas
as the Supreme Court of Alabama did say of a certain
plea in Cowan v. Motley, 125 Ala. 369, 28 South. Rep. 70,
"The plea may be defective, but the demurrer carefully
fails to point out in what the defect consists." It follows
that the first three errors are well assigned.

We pass now to a consideration of the assignment based
upon the sustaining of the demurrer to the fifth plea.
This plea simply avers in substance that the books re-
quired by a provision in the policy known as the "Iron
Safe Clause" to be kept by the plaintiff were not produced
by the plaintiff for the inspection of the defendant.· The
two grounds of demurrer directed against this plea are
that it does "not show in what manner the terms and
conditions of the iron safe clause mentioned in said plea
were violated," and that it fails to allege "what books
were not produced for the inspection of the defendant."
What we have already said in discussing the preceding
assignments applies with like force to this assignment.   It
may be that the plea in question is defective and imperfect
in some respects, but we have no hesitancy in declaring it
sufficient to withstand the attack made upon it by this
demurrer, and we do not feel called upon to extend our
investigations any further than to determine that the plea
is not so faulty as to wholly fail to set up a defense.   See
the  discussion  in  Camp  v.  Hall,  39  Fla.  535,  22
South. Rep. 792, as to the distinction between matters of
substance and matters of form in pleading, wherein it
was held that only defects in matters of substance could
be reached by demurrer.   As to the validity of the "iron
safe clause," it is sufficient to refer to the full discussion

in Tillis v. Liverpool & L. & G. Ins. Co., 46 Fla., 268, 35 South. Rep. 171, S. C. 110 Am. St. Rep. 89. We think that this error is well assigned.

The fifth and sixth assignments are based respectively upon the refusal to instruct the jury to return a verdict for the defendant and upon the charge to the jury to bring in a verdict for the plaintiff and assess the damages in the total sum of the policy, with interest from the date the suit was instituted and $125 attorney's fees, while the seventh and last assignment is based upon the denial of the motion for a new trial. Having discovered reversible errors committed in the ruling upon the demurrer to pleas, which necessitates the remanding of the case, when the pleadings doubtless will be recast or amended, whereby different issues may be framed, under which other and different evidence may be adduced, it is not likely that the questions presented by these assignments will arise on another trial. For this reason, we do not feel that it is incumbent upon us to treat them, if, indeed, it is advisable. As to withdrawing the case from the jury and directing the verdict, see McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910, and Bass v. Ramos, decided here at the present term.

In reply to the contention of the defendant in error that the assignments based upon the sustaining of the demurrer to certain pleas cannot properly be considered by this court for the reason that the plaintiff in error did not at the time of presenting and settling the bill of exceptions in the assignment of errors presented therewith include assignments upon such ruling, it is sufficient to say that Special Rule 1 to be observed in the preparation of bills of exceptions and transcripts of the record does not so require. Section 1694 of the General Statutes of

1906, which has been construed several times by this court, expressly provides that it shall not be necessary to take an exception to a judgment upon demurrer.

For the errors found the judgment must be reversed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.