HARTFORD FIRE INSURANCE COMPANY, *Plaintiff in Error*, v. J. M. HOLLIS, *Defendant in Error*.

1. Where a plea is held by the Supreme Court to be a defense to an action, a demurrer thereto should not afterwards be sustained by the trial court in the second trial of the action.

2. Where a plea is a good defense to a divisible portion of the action a demurrer thereto should not be sustained.

3. In the absence of misrepresentations and fraud where a fire insurance policy covers different classes of property, each of which is separately valued and is insured for a distinct amount, the contract is severable, and a breach of the contract of insurance that relates to and directly affects only one of the classes of the property insured, does not invalidate the policy as to the other class of property, unless it appears that such was the intention of the parties; and an intent that the policy shall be indivisible is not shown by the facts that the premium for all the classes of property insured is payable or paid in gross, and the policy provides that the entire policy shall be void if the contract is violated in any one of several stated particulars by the insured.

4. Where an insurance policy covers a stated amount of insurance on merchandise in a certain building and another stated amount on the building, the contract may be divisible even though the premium is paid in gross and the policy provides that in case of breach by the insured the entire policy shall be void, where the breach by the insured does not involve fraud or misrepresentations.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Cockrell & Cockrell*, for Plaintiff in Error;

*W. H. Watson, Lewis & Buford, C. L. Wilson,* and
*W. B. Farley,* for Defendant in Error.

WHITFIELD, C. J.—A former judgment for the insured
for the loss by fire of a house and a stock of goods was
reversed in Hartford Fire Ins. Co. v. Hollis, 58 Fla. 268,
50 South. Rep. 985. Another judgment was obtained
and the insurer again took writ of error.

On the former writ of error the first, second, third and
fifth pleas set out in the opinion were held to be good
as against the demurrer there interposed. The court
said the first, second and third pleas are not "open to
attack by the demurrer as framed." Of the fifth plea it
was said "the plea is not so faulty as to wholly fail to set
up a defense." This is the law of the case as to these
pleas.

In the former opinion, when referring to other assign-
ments of error, it is said: "Having discovered reversible
errors committed in the ruling upon the demurrer to
pleas, which necessitates the remanding of the case, when
the pleadings doubtless will be recast or amended, where-
by different issues may be framed, under which other
and different evidence may be adduced, it is not likely
that the questions presented by these assignments will
arise on another trial." This statement in the opinion
gave no permission to present other grounds of demurrer
to the pleas held to be good on demurrer, but contem-
plated pleadings raising questions of fact.

When a demurrer to pleas is held bad on appeal the
matter is *res adjudicata* and the trial court is bound there-
by. The statute requiring courts to permit amendments
to pleadings does not contemplate amendments to the
grounds of a demurrer to pleas where the pleas have been

held to be good on the demurrer on appeal and the question is *res adjudicata*.

In view of the holding in the former opinion, it was error to sustain a demurrer to the first, second, third and fifth pleas as was done at the last trial. This error deprived the defendant of a substantial right.

While there is a diversity of judicial opinion as to the divisibility of policies of insurance, the doctrine seems to be that in the absence of misrepresentations and fraud where a fire insurance policy covers different classes of property, each of which is separately valued and is insured for a distinct amount, the contract is severable, and a breach of the contract of insurance that relates to and directly affects only one of the classes of the property insured, does not invalidate the policy as to the other class of property, unless it appears that such was the intention of the parties; and an intent that the policy shall be indivisible is not shown by the facts that the premium for all the classes of property insured is payable or paid in gross, and the policy provides that the entire policy shall be void if the contract is violated in any one of several stated particulars by the insured. See Mitchell v. Mississippi Home Ins. Co., 72 Miss. 53, 18 South. Rep. 86, 48 Am. St. Rep. 535; Trabue v. Dwelling House Ins. Co., 121 Mo. 75, 25 S. W. Rep. 848, 23 L. R. A. 719; Wright v. Fire Ins. Co., 12 Mont. 474, 31 Pac. Rep. 87, 19 L. R. A. 211; Arkansas Ins. Co. v. Cox, 21 Okla. 873, 98 Pac. Rep. 552, 20 L. R. A. (N. S.) 775; Miller v. Delaware Ins. Co. of Philadelphia, 14 Okla. 81, 75 Pac. Rep. 1121, 65 L. R. A. 173, 2 Ann. Cas. 20; Danley v. Glens Falls Ins. Co., 184 N. Y. 107, 76 N. E. Rep. 914, 6 Ann. Cas. 81.

The policy in this case covered $1,000.00 on stock of

merchandise in a certain described building; and $250.00 on the building. The premium paid was $41.25, in gross.

As there is nothing to indicate that the parties really intended the policy to be indivisible, and as no misrepresentation or fraud appears, the pleas may each be fairly regarded as a defense to a severable part of the plaintiff's claim for indemnity, and they together constitute a defense to the entire cause of action.

There was no error in refusing the peremptory charge for the defendant, as the only pleas on which the case was tried related to insurance on the stock of goods, whereas the declaration on the insurance policy covered the building and the stock of goods. The books kept under the Iron Safe Clause and explanations of them were put in evidence without objection.

As the court erred in sustaining the demurrer to the pleas, the judgment is reversed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.