NATIONAL UNION FIRE INSURANCE COMPANY, A CORPORATION, *Plaintiff in Error,* v. FRED CUBBERLY, *Defendant in Error.*

Opinion Filed November 17, 1914.

1. In the absence of misrepresentations and fraud where a fire insurance policy covers different classes of property, each of which is separately valued and is insured for a distinct amount, the contract is severable, and a breach of the contract of insurance that relates to and directly affects only one of the classes of the property insured, does not invalidate the policy as to the other class of property, unless it appears that such was the intention of the parties; and an intent that the policy shall be indivisible is not shown by the facts that the premium for all the classes of property insured is payable or paid in gross, and the policy provides that the entire policy shall be void if the contract is violated in any one of several stated particulars by the insured.

2. Where the property covered by a policy of insurance consists of different kinds of property, such as realty and personalty, or of different items, such as separate buildings or different articles of personal property, and the different kinds or articles of property are separately valued, or are insured for separate amounts, and the premium charged is the aggregate

of the separate premiums to be charged whether in a joint or several policies, the contract is divisible, and a breach of warrant or condition as to one kind or class of property will not affect the insurance on the remainder of the property.

Writ of error to Circuit Court for Escambia County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*Blount & Blount & Carter* and *W. A. Blount, Jr.,* for Plaintiff in Error:

*F. W. Marsh,* for Defendant in Error.

SHACKLEFORD, C. J.—A judgment is brought here for review which the defendant in error as plaintiff in the court below recovered against the plaintiff in error as defendant upon a fire insurance policy. The pleadings were amended and several rulings were made thereon, but it is unnecessary to set forth any of the proceedings except the following: The insurance policy, which formed the basis of the action and was annexed as an exhibit to the declaration and made a part thereof, was issued by the plaintiff in error to one Isom Vann and attached thereto was an agreement to the effect that the loss, if any, should be payable to Fred Cubberly, the defendant in error. The plaintiff withdrew the first count of his declaration and elected to stand upon the second count, which is as fol lows:

"Fred Cubberly, plaintiff, by his attorney, sues the National Union Fire Insurance Company, of Pittsburg, Pennsylvania, a corporation, defendant, for that in consideration of the sum of Thirty-six dollars and forty cents, to it paid and payment acknowledged, the said defendant is-

sued to one Isom Vann its policy of insurance, and thereby promised the said Isom Vann, in term of said policy, and upon the conditions thereto annexed, to insure the said Isom Vann against loss or damage by fire to an amount not exceeding Fourteen Hundred Dollars, and to make good unto the said Isom Vann the loss or damage that should happen by fire, not exceeding the said sum of Fourteen Hundred Dollars, for the term of three years, from the 12th day of September, A. D. 1909, to the 12th day of September, A. D. 1912, on four one-story frame buildings, situated on the east side of Palafox Street, between Jordan and Maxwell Streets, in Pensacola, Florida, valued in said policy as follows, to-wit: Building number one, $350.00; Building number 2, $350.00; Building number 3, $350.00; Building number 4, $350.00; the loss to be paid sixty days after due notice and proof made by the said Isom Vann and received by the said defendant, and in the said policy sundry provisions, conditions, prohibitions and stipulations were and are contained, and thereto annexed as by original policy, filed with original declaration, and made a part hereof, will more fully appear.

And that thereafter the plaintiff, Fred Cubberly, loaned the said Isom Vann a sum of money exceeding said policy of insurance, payable by the said Isom Vann to plaintiff in one year from date thereof, and to secure the payment of said sum of money, the said Isom Vann executed and delivered to plaintiff a certain mortgage upon the property described in said policy of insurance, which mortgage was in full force and effect, and unpaid at the time of the happening of the fire and loss hereinafter mentioned.

And after the execution and delivery of the aforesaid policy of insurance by the defendant to the said Isom While this holding does not admit evidence otherwise in-

by the said Isom Vann to plaintiff, and while said mortgage was in full force and effect and unpaid, to-wit:   On October 23rd, A. D. 1909, the defendant, through its duly authorized agent, endorsed on the said policy the follow·ing agreement, to-wit:

'Pensacola, Florida, Oct. 23, 1909.

'The interest of Mrs. C. Kahn having been satisfied, loss, if any, now payable to Fred Cubberly as his interest may appear, subject nevertheless to all the conditions of this policy.   To attach to, and form part of policy No. 664 of the National Union Fire Ins. Co., Pittsburg, Pa.   (Signed) Knowles Bros., Knowles Hyer, V. P. & Gen'l. Manager, Agents.'

And afterwards, to-wit: on the 27th day of August, A. D. 1911, one of the said one-story frame buildings hereinbefore more particularly described, so assured and in said policy described, was burned and destroyed by fire, and damage and loss was thereby occasioned to the said plaintiff to an amount exceeding three hundred and fifty dollars, in such circumstances as to come within the promises and undertakings of the said policy, and to render liable and oblige the said defendant to insure the said plaintiff to the said amount of three hundred and fifty dollars on the property aforesaid, of which loss the said defendant had due notice and proof; and although all conditions have been performed and fulfilled, and all events and things existed and happened, and all periods of time have elapsed to entitle the plaintiff to a performance by the defendant of said contract and to entitle plaintiff to the said sum of three hundred and fifty dollars, and nothing has occurred to prevent the plaintiff from maintaining this action, yet the said defendant has not paid or made good to said plaintiff the said amount of loss and

damage aforesaid, or any part thereof, but refuses so to do.

Wherefore, said plaintiff sues to recover the said sum of three hundred and fifty dollars, and interest thereon from date of suit, and a reasonable attorney's fee, to be fixed in accordance with the statutes of the State of Florida, in such cases made and provided.

And plaintiff claims damages in the sum of Five Hundred Dollars."

Various and sundry pleas, replications and demurrers were filed, but we copy only the fourth plea and the second replication:

"The defendant, for pleas to the second count, says:

4.    That in and by the said policy sued on it is provided that the entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, should be void, if the assured, at the time of the issuance of the said policy, or thereafter, should make or procure, any other contract of insurance, whether valid or not, upon the property covered in whole or in part by the said policy, and defendant avers that after the issuance of the said policy, and while the same was in full force and effect, the assured, the said Isom Vann, did procure another contract of insurance, upon a part of the property covered by the said policy, to-wit: a contract of insurance for $900.00 in the Hamburg-Bremen Insurance Company, upon two of the houses insured in and by the policy sued on; and defendant also avers that there was not, and has not, been provided by agreement endorsed upon the said policy sued on, or added thereto, any consent to the taking of the said additional insurance, and that the said three houses insured in and by the policy of insurance sued on were located in a row, and within a few feet of each other,

and so close to each other that any fire destroying one would probably destroy the others, and they were all subject to the same fire risk."

The second replication is as follows:

"That each of the said houses mentioned in the said fourth plea, were on separate and distinct divisions or lots in said City of Pensacola, and proper subjects of insurance under separate policies of insurance, and at the same rate of premium as that paid for in the insurance evidenced by the policy herein sued on, that it was the custom of fire insurance companies doing business in the City of Pensacola and vicinity, which custom was known to the defendant herein, and sanctioned and followed by it, to fix uniform rates on given risks according to the proximity of other buildings to that upon which the risk was assumed, and the proximity of the building to hydrant water; and that under said custom each of the buildings insured under the policy herein sued on was insurable in any company doing business in the City of Pensacola, each building under a separate policy, and as a separate and distinct risk, for a premium rate identical in amount with the premium rate, paid by the said Isom Vann on each of the houses insured under the policy herein sued on; and that the rate of premium which the defendant demanded of, and received from the said Isom Vann, was uniform in amount as to each of the said houses, without respect to whether the said houses were jointly or severally insured, or whether the premium was to be taken on one or several of said houses."

The defendant interposed a demurrer to this replication on the ground that it set forth no facts which would make divisible the policy of insurance sued upon. The overruling of this demurrer formed the basis for the second assignment, which is the only one urged before us.

. It is conceded that the sole point to be determined by us is as to whether or not the insurance policy in question is divisible, the plaintiff in error frankly admitting in its brief that, if we should hold that such policy is divisible, then the ruling of the trial court was correct. We had occasion to consider this question to some extent in Hartford Fire Insurance Co. v. Hollis, 64 Fla. 89, 59 South. Rep. 785, wherein we held, "In the absence of misrepresentations and fraud where a fire insurance policy covers different classes of property, each of which is separately valued and is insured for a distinct amount, the contract is severable, and a breach of the contract of insurance that relates to and directly affects only one of the classes of the property insured, does not invalidate the policy as to the other class of property, unless it appears that such was the intention of the parties; and an intent that the policy shall be indivisible is not shown by the facts that the premium for all the classes of property insured is payable or paid in gross, and the policy provides that the entire policy shall be void if the contract is violated in any one of several stated particulars by the insured."

We stated that "there is a diversity of judicial opinion as to the divisibility of policies of insurance," but we reached the conclusion announced above and cited a number of authorities, to which we would again refer. We do not feel called upon to discuss this point now at any length. We approve of the following rule laid down by Mr. Cooley on page 1896 of his Briefs on the Law of Insurance:

"Where the property covered by a policy of insurance consists of different kinds of property, such as realty and personalty, or of different items, such as separate buildings or different articles of personal property, and the

different kinds of articles of property are separately valued, or are insured for separate amounts, the contract is divisible, and a breach of warranty or condition as to one kind or class of property will not affect the insurance on the remainder of the property."

We also think that the author was justified in drawing the following conclusion, which is found on page 1925:

"Though in some jurisdictions the fact that the consideration for the policy is entire has led the courts to declare the contract entire, an examination of the cases justifies the statement that the rule established by the weight of authority is that, if the policy covers separate classes or items of property, separately valued and insured for separate amounts, the contract is divisible, and a breach of warranty or condition which affects only one of the classes or items covered will not avoid the insurance on the other classes or items. The fact that the policy contains a declaration that the entire policy shall be void on a breach of condition does not change the rule. Reason and justice require, however, that the rule should be modified when the various classes of property are so situated in respect to each other that the risk is substantially the same on all, and in such case a breach of condition or warranty which increases the risk on one class or item of the property insured should forfeit the whole insurance."

In view of what we said in Hartford Fire Insurance Co. v. Hollis, *supra,* and of our approval of the quoted passages from Mr. Cooley's work, it necessarily follows that we are of the opinion that the insurance policy in the case is divisible, therefore the ruling of the court complained of is correct and the judgment must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.