772 So.2d 4 (2000)
Ruben FLORES, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 2D98-4115.
District Court of Appeal of Florida, Second District.
July 21, 2000.
Rehearing Denied September 21, 2000.
D. Russell Stahl, Tampa, for Appellant.
Butler Burnette Pappas, Christopher J. Nicholas, and Robert C. Weill, Tampa, for Appellee.
GREEN, Judge.
In this personal injury action, the plaintiff, Ruben Flores, timely appeals the trial court's final orders denying his motion for new trial and granting Allstate Insurance *5 Company's motion to tax costs. We affirm.

I. Facts
Ruben Flores and his son, Bobby Flores, were passengers in Antonio Meza's vehicle, which was operated by the wife/mother Norma Flores. The motor vehicle was involved in an accident, at which time Ruben Flores sustained facial injuries upon impacting the front windshield.
As a result of the accident, the Flores family, as additional insureds, filed a four-count complaint against Antonio Meza's insurer, Allstate Insurance Company. In its answer, Allstate raised affirmative defenses, including failure to use operational and available seat belts and fraud and misrepresentation on the part of Ruben and Norma Flores in the submission of their personal injury protection (PIP) claims.
Plaintiffs moved for summary judgment on whether Allstate's fraud and misrepresentation affirmative defenses were legally sufficient. This one paragraph motion was as follows: "Affirmative Defenses Eight and Nine (seat belt and fraud) are legally insufficient as defenses to an Uninsured Motorist claim relating as they do to claims for PIP benefits." The trial court denied this motion.
Plaintiffs moved to sever their claims on the ground that evidence of Ruben Flores's fraud would prejudice the claims of Norma and Bobby Flores. The trial court denied this motion and stated:
In making this ruling, the Court has weighed the potential prejudicial effect of hearing the fraud issue in the same trial as Plaintiff's claim for damages, but has determined that the more appropriate procedure is to try all claims together. Plaintiff's position is that, if the alleged fraud is determined by a jury to be of a minimal nature and therefore not material, it might still taint their verdict. Another way of stating the Plaintiffs' position would be to contend that the Plaintiff should not be harmed by a little bit of fraud. The difficulty of this position is apparent when one considers the contrary side of that issue which is that the Plaintiff should not be rewarded by committing a little bit of fraud, but not having to risk any consequences there-from....
The Plaintiff is also concerned that the alleged fraud of one insured might void the insurance coverage of other insureds. This Court further rules that only insureds who have committed or participated in the commission of fraud which materially violated the policy are subject to forfeiting their benefits under the policy.
At trial, Allstate presented evidence that Ruben Flores submitted three bills for reimbursement under his PIP coverage, for which he did not pay ($5, $10, $27.50), and another bill that he altered from $30 to $130 by the insertion of a "1." Allstate's policy provision regarding fraud or misrepresentation provides: "Allstate does not provide coverage for any loss which occurs in connection with any material misrepresentation, fraud, or concealment of material facts[.]" This provision was found in the "General Conditions" section which is at the beginning of the policy and applied to all coverages under the policy.
The jury found that Ruben Flores committed fraud with respect to the PIP claim submitted to Allstate and thereby relieved Allstate of any responsibility for payment of other damages arising out of the accident. The trial court entered final judgment in favor of Allstate against Ruben Flores and ordered Mr. Flores to pay Allstate its legal costs.

II. Issues on Appeal
The core issue in this appeal is whether evidence of Ruben Flores's fraudulent acts was sufficiently egregious to justify trial by jury with respect to whether Allstate was relieved of paying any sums under the policy. Mr. Flores asserts that section 627.736(1)(a), Florida Statutes *6 (1997), does not permit the trial court's action. Section 627.736(1)(a), which relates to the payment of PIP benefits, allows an insurer to pay only "eighty percent of all reasonable expenses for necessary medical ... services." Without citing to any legal support, Ruben Flores argues that this provision, which allows for the denial of medical expenses which are "unreasonable or unnecessary," prevents an insurer from also denying uninsured motorist coverage. Mr. Flores reasons: "If it cannot deny additional PIP claims, it follows that it cannot deny uninsured motorist coverage."
The law in Florida is clear that a policy provision which voids the insurance policy for misrepresentations of a material fact is given full force and effect. See, e.g., American Ins. Co. v. Robinson, 120 Fla. 674, 163 So. 17 (1935); American Reliance Ins. Co. v. Kiet Invs., Inc., 703 So.2d 1190, 1191 (Fla. 3d DCA 1997); Wong Ken v. State Farm Fire & Cas. Co., 685 So.2d 1002, 1003 (Fla. 3d DCA 1997). Of the foreign jurisdictions which have decided cases involving similar policy language, the majority have found that any material misrepresentation as to part of the claim will void coverage for the entire loss. See, e.g., Callaway v. Sublimity Ins. Co., 123 Or. App. 18, 858 P.2d 888 (1993); Williams v. United Fire & Cas. Co., 594 So.2d 455 (La.Ct.App.1991). See also McCullough v. State Farm Fire & Cas. Co., 80 F.3d 269 (8th Cir.1996) (holding that policy language which voided policy if insured intentionally conceals or misrepresents a material fact voided coverage for fraudulent fire loss and subsequent burglary loss); State Farm Gen. Ins. Co. v. Best in the West Foods, Inc., 282 Ill.App.3d 470, 217 Ill.Dec. 764, 667 N.E.2d 1340 (1996) (holding that policy language which voided policy if insured "intentionally concealed or misrepresented any material fact" voided both the fraudulent inventory claim and the legitimate claims for lost equipment and income). One court has even observed that an "overwhelming majority of jurisdictions hold that any fraud or misrepresentation as to any portion of property under an insurance policy voids the entire policy." Johnson v. South State Ins. Co., 288 S.C. 239, 341 S.E.2d 793, 795 (1986). See Home Ins. Co. v. Hardin, 528 S.W.2d 723 (Ky. 1975) (holding that fraudulent attempt of insured, by means of sworn proof of loss, to obtain face amount of fire insurance policy on nonexistent household furnishings and contents invalidated as a matter of law the entire policy, including that portion relating to the dwelling).
The Third District reached the same conclusion concerning an entire homeowners' property insurance policy. See Schneer v. Allstate Indem. Co., 767 So.2d 485 (Fla. 3d DCA 2000) (Schwartz, J., dissenting) (holding that trial court properly submitted the issue of fraud with respect to home owner's contents coverage to the jury, resulting in all claims being voided under the policy, including coverage for damage to the dwelling). Appleman and Appleman contend that "the general rule seems to be that fraud, attempted fraud, or false swearing as to any part of the property, included in a proof of loss prevents recovery of any portion thereof." 5A John Alan Appleman & Jean Appleman, Insurance Law and Practice, § 3595 (1970); also see 12A, id. §§ 7297-98 (1981).
We are cognizant of footnote 1 in the Third District decision of Wong Ken v. State Farm Fire & Casualty Co., 685 So.2d 1002, 1004, n. 1 (Fla. 3d DCA 1997), which suggests that appellant Bruce A. Wong Ken might salvage something from the "indisputable covered and untainted losses" paid for by the insurance company before his fraudulent claims arose. We also note Judge Cope's special concurrence that this issue was not addressed by the parties in that appeal. We therefore decline to declare conflict. In Hartford Fire Insurance Co. v. Hollis, 64 Fla. 89, 59 So. 785 (1912), the Florida Supreme Court announced the rule that an insurance policy *7 may be severable but not when there are misrepresentations and fraud. See also National Union Fire Ins. Co. v. Cubberly, 68 Fla. 253, 67 So. 133 (1914) (reaffirming the rule in Hollis).
Neither are we persuaded by Flores's argument that section 627.728, Florida Statutes (1997), provides a motor vehicle insurance carrier with its only remedy for fraud, i.e., cancellation after written notice. This provision has no application in this instance where the issue was properly raised as an affirmative defense and presented to the jury upon competent, substantial evidence. See Sauvageot v. Hanover Ins. Co., 308 So.2d 583 (Fla. 2d DCA 1975) (holding that the legislature never intended to preclude an insurer from defending a suit on the policy relating to misrepresentation in the application).
Flores also contends that the jury's verdict finding that his injuries resulted from failure to wear his seatbelt was influenced by evidence of his fraud. While Flores contended that the seatbelt malfunctioned, Allstate's expert witness displayed the seatbelt to the jury and testified that it showed no signs of having been worn in the accident. See Allstate Indem. Co. v. Clark, 736 So.2d 1 (Fla. 2d DCA 1998). The trial court was correct in submitting these issues to the jury.

III. Judgment
Accordingly, the orders denying appellant's motion for a new trial and appellee's motion to tax costs are affirmed. The principal issue of loss of total coverage is certified to be a matter of great public importance, and we therefore submit the following question:
DOES AN INSURED LOSE ALL BENEFITS UNDER A DIVISIBLE INSURANCE POLICY WHERE THE INSURED'S FRAUD IS COMMITTED WITH RESPECT TO ONE PART OF THE POLICY BUT THE APPLICABLE GENERAL FRAUD PROVISION OF THE POLICY PROVIDES THAT FRAUD IN ANY PORTION OF THE POLICY VOIDS THE ENTIRE POLICY?
Affirmed.
CAMPBELL, A.C.J., and SCHEB, JOHN M., (Senior) Judge, Concur.