833 So.2d 172 (2002)
Ruben FLORES, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 2D98-4115.
District Court of Appeal of Florida, Second District.
November 20, 2002.
D. Russell Stahl, Tampa, for Appellant.
Butler Burnette Pappas, Christopher J. Nicholas, and Robert C. Weill, Tampa, for Appellee.

ON REMAND FROM THE SUPREME COURT OF FLORIDA
GREEN, Judge.
Pursuant to the mandate of the Supreme Court of Florida and upon remand to this court, we resolve the remaining issue to determine whether Ruben Flores is entitled to a new trial. See Flores v. Allstate Ins. Co., 819 So.2d 740 (Fla.2002) (holding that insured's fraud in connection with claim for PIP benefits did not void uninsured motorist (UM) coverage; provision allowing insurer to deny coverage "for any loss in connection with any material misrepresentation, fraud, or concealment of material facts, or if any material misrepresentation or omission was made on the application," was ambiguous and did not permit denial of UM coverage for unrelated fraud). We conclude that the introduction of evidence highlighting Ruben Flores's alleged fraud in the submission of personal injury protection (PIP) claims, in the context of an entire claim of fraud that the jury should not have considered when deciding the UM claim, requires a new trial. Accordingly, we reverse and remand for a new trial.
The operative facts in this appeal are outlined in the supreme court's opinion and our prior opinion in Flores v. Allstate Insurance Co., 772 So.2d 4 (Fla. 2d DCA 2000). In Flores, this court explained that the trial court permitted the jury to decide two issues: (1) whether Mr. Flores had committed fraud that would result in the voiding of his insurance coverage, and (2) the extent of Allstate's liability under the insurance policy if it was not void, particularly *173 in light of Mr. Flores's failure to wear a seatbelt at the time of the accident. After the jury returned a verdict in favor of Allstate on both issues, Flores moved for a new trial. The trial court denied the motion.
On appeal from the judgment entered based upon the jury's verdict, Mr. Flores argued that the trial court erred in denying his motion for new trial. Specifically, Mr. Flores argued (1) that any fraud by Mr. Flores in asserting a claim for PIP benefits would not void the coverage Allstate provided under the UM section of the insurance policy, and therefore this issue was not properly placed before the jury; and (2) that the trial court erred in admitting evidence that Flores had submitted fraudulent bills in his claim for PIP benefits in respect to the other issues presented to the jury, particularly his failure to wear a seatbelt.
We initially held that the jury properly determined that fraud by Mr. Flores voided the UM coverage in his policy and that the trial court was correct in submitting to the jury the issue of his failure to wear his seatbelt. We certified to the Supreme Court of Florida as a matter of great public importance the question of whether an insured's fraud as to one part of a divisible insurance policy voids the entire policy. Id. at 7.
In Flores, 819 So.2d 740, the supreme court rephrased our certified question and quashed our opinion. The supreme court concluded that the specific provision in Flores's insurance policy addressing fraud was ambiguous. The court stated:
In this case, the fraud arose only in connection with a claim for PIP benefits and not in connection with the claim for UM coverage in which Allstate, as the UM carrier, stood in the shoes of the tortfeasor. We thus hold that this provision did not permit Allstate to deny UM coverage for unrelated fraud.
819 So.2d at 751. Thus, the supreme court effectively reversed the judgment entered to the extent it determined the insurance contract was void. However, the supreme court did not address whether the error in submitting this claim of fraud to the jury affected the jury's verdict with respect to the extent of Allstate's liability under the insurance policy if it were in effect.
The supreme court pointed out that this court never considered if the evidence of fraud was independently admissible on the other issues in the case or, alternatively, whether its admission constituted harmless error. 819 So.2d at 751. The court declined to address these issues and remanded the case to this court for further proceedings consistent with its opinion. We observe that the issue is not simply whether evidence of fraudulent or exaggerated medical bills was admissible in the UM portion of the trial but whether the admission of that evidence in the context of a trial that included a claim of fraud, which should not have been tried with the UM claim, requires a new trial of the UM claim.
Allstate admitted liability for the automobile accident in which Ruben Flores was injured. A review of the transcript reveals that Allstate placed great emphasis upon Ruben Flores's alleged fraudulent acts. Allstate's primary strategy at trial was to obtain a verdict voiding the UM coverage. The jury knew that its verdict finding fraud would cause Ruben Flores to have no insurance coverage and to receive no payment from Allstate on the UM claim. Thus, even though the jury was told to resolve the remaining damages issues, it was left with the impression that these issues were rather hypothetical. The jury did not apportion damages when it answered the seatbelt issues; it declared *174 that 100% of Ruben Flores's damages was caused by his failure to wear a seatbelt. Even though many of Mr. Flores's injuries could be attributed to his failure to wear a seatbelt, this apportionment seems unusual.
It is not inconceivable that on retrial of the UM claim, Ruben Flores could testify in a manner that made the questioned PIP claims admissible for some limited purpose. See Mendez v. State, 412 So.2d 965, 966 (Fla. 2d DCA 1982) (stating that "whenever a witness takes the stand, he ipso facto places his credibility in issue"). It is also possible that a trial judge could determine that the prejudicial effect of some or all of this evidence outweighed its probative value. See § 90.403, Fla. Stat. (2001). This court cannot conclusively determine whether this evidence will be admissible in the context of a new trial. We can only determine whether the evidence of fraud improperly presented in an attempt to void the UM coverage was harmful as to the remaining issues resolved by this jury. Following a review of the record, we conclude that the admission of the evidence was harmful and that this error can be cured only by a new trial.
We therefore reverse and remand for a new trial.
ALTENBERND,[1] J., and SCHEB, JOHN M., Senior Judge, concur.
NOTES
[1] Judge Altenbernd has been substituted for Judge Campbell, who was on the original Flores panel.